MEDINA COUNTY BAR ASSOCIATION *v.* KEREK.

[Cite as *Medina Cty. Bar Assn. v. Kerek,*
102 Ohio St.3d 228, 2004-Ohio-2286.]

(No. 2003–2202—Submitted March 15, 2004—Decided May 26, 2004.)

**Per Curiam.**

{¶ 1} Respondent, Wayne L. Kerek of Brunswick, Ohio, Attorney Registration No. 0029211, was admitted to the practice of law in Ohio in 1983. On June 17, 2002, relator, Medina County Bar Association, charged respondent with professional misconduct. A panel of the Board of Commissioners on Grievances and Discipline considered the cause on the parties' stipulations of misconduct and jointly proposed sanction.

{¶ 2} The parties stipulated to the following facts. Respondent had agreed to represent a client regarding a personal-injury claim for which the client believed the statute of limitations would expire in January 2001. Respondent kept in contact with this client through December 1999. Thereafter, however, the client made repeated attempts to contact respondent, by both visiting his office and leaving messages with his answering service, but she was unable to reach him, and he did not return her calls. In fact, respondent did not contact his client again until after August 1, 2000, the date on which she filed a grievance with relator.

{¶ 3} Respondent also did not return calls from relator's investigator and did not respond for over a month to relator's letter sent by certified mail notifying him of the grievance and requesting that he contact the investigator. Respondent explained that his failure to return his client's and the investigator's calls was a result of his former answering service's going out of business in December 1999. Respondent had then changed his telephone number and did not realize that an answering machine was still accepting his messages at the old number. He thought the old number had been disconnected. Respondent further advised that he intended to cooperate fully with the investigation.

{¶ 4} Respondent acknowledged during the investigation that he had loaned $450 to his client. Respondent loaned this money to help his client avoid having

her car repossessed and with the understanding that she would repay him upon settlement of her claim. The client later confirmed this loan, as well as the fact that respondent, who timely filed suit on his client's behalf in January 2001, became more involved in her case after her grievance. In fact, in January 2002, respondent negotiated a settlement of the client's personal injury claim, and she subsequently reimbursed him for the loan.

{¶ 5} The parties stipulated and the panel found that respondent had violated DR 6–101(A)(3) (barring attorneys from neglecting an entrusted legal matter) and 5–103(B) (barring attorneys from giving impermissible financial assistance to a client) and Gov.Bar R. V(4)(G) (requiring an attorney's cooperation in disciplinary proceedings). The board adopted these findings of misconduct.

{¶ 6} The panel also considered the appropriate sanction for respondent's misconduct. From the parties' stipulations, the panel found as mitigating factors that respondent had no prior disciplinary record, had not sought or received financial gain through his misconduct, and had rectified the consequences of his misconduct by timely filing a complaint and negotiating a settlement. See Section 10(B)(2) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline. The panel further found that respondent had ultimately been cooperative and forthcoming during the disciplinary process, although it did register concern that respondent had not immediately replied to the investigator's certified letter, claiming to have misplaced it, and had not given his client his new telephone number and business address. The panel was also skeptical of respondent's claim that after he received the certified letter, he had left a message for a former member of relator's certified-grievance committee.

{¶ 7} The panel accepted the parties' suggestion that respondent be publicly reprimanded for his misconduct. The board adopted the panel's recommendation.

{¶ 8} We agree with the board's findings of misconduct and recommendation. Accordingly, respondent is hereby publicly reprimanded for having violated DR 6–101(A)(3) and 5–103(B) and Gov.Bar R. V(4)(G). Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

———

Stephen J. Brown and Gary T. Mantkowski, for relator.

Wayne L. Kerek, pro se.