AKRON BAR ASSOCIATION *v.* MAHER.

[Cite as *Akron Bar Assn. v. Maher,*
110 Ohio St.3d 346, 2006-Ohio-4575.]

(No. 2006–0801—Submitted June 7, 2006—Decided September 20, 2006.)

**Per Curiam.**

{¶ 1} Respondent, Douglas B. Maher of Akron, Ohio, Attorney Registration No. 0024038, was admitted to the practice of law in Ohio in 1977. On August 8, 2005, relator, Akron Bar Association, charged respondent with professional misconduct. Respondent answered, and a panel of the Board of Commissioners on Grievances and Discipline heard the cause, reviewed the parties' comprehensive stipulations, and made findings of misconduct and a recommendation, all of which the board adopted.

## Misconduct

{¶ 2} The board found misconduct on two counts, both involving respondent's neglect of his clients' cases. As to the first count, the parties stipulated that Tina McCoy Cramer engaged respondent in 1999 to file suit for her after she was involved in an automobile accident in Mahoning County. Respondent filed a complaint on Cramer's behalf in 2001 and refiled it in April 2003 after a dismissal. Respondent thereafter did not comply with defense counsel's discovery requests, and he did not resolve his noncompliance after opposing counsel filed a motion to compel discovery. Respondent withdrew as Cramer's counsel at the hearing on the motion to compel, and she retained another attorney.

{¶ 3} The parties stipulated and the board found that respondent's delay and inaction violated DR 6–101(A)(1) (prohibiting a lawyer from representing a client in a legal matter that the lawyer is professionally incompetent to manage), 6–101(A)(3) (prohibiting a lawyer from neglecting an entrusted legal matter), and 7–101(A)(2) (prohibiting a lawyer from intentionally failing to carry out a contract of professional employment).

{¶ 4} As to the second count of misconduct, the parties stipulated that Catherine Myers engaged respondent in October 1999 to file suit after she was involved in an automobile accident in Akron. Respondent filed suit on October 12, 2001, and refiled it in 2004 after a dismissal. Respondent did not respond to defense counsel's discovery requests and never asked for the medical records documenting his client's injuries. When respondent did not provide requested records in response to a motion to compel, the court dismissed Myers's case for failure to prosecute.

{¶ 5} The parties stipulated and the board found that respondent's inaction and delay violated DR 6–101(A)(1), 6–101(A)(3), and 7–101(A)(3) (prohibiting a lawyer from intentionally causing a client prejudice or damage during a professional relationship).

### Recommended Sanction

{¶ 6} In recommending a sanction for this misconduct, the panel and board considered respondent's background and the aggravating and mitigating factors of his case in accordance with Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.").

{¶ 7} After his admission to the bar in 1977, respondent initially joined his father in practice. He later became a sole practitioner and has spent most of his career practicing law on his own. Respondent's practice mainly consists of criminal defense, with some domestic-relations work.

{¶ 8} Relator did not present evidence of aggravating circumstances. Adopting the panel's report, however, the board considered the aggravating effect of how respondent's misconduct harmed his clients. BCGD Proc.Reg. 10(B)(1)(h). The board observed that respondent had neglected two personal-injury cases, both times by failing to respond to discovery requests and motions to compel. Respondent's inaction certainly delayed both proceedings. But at least in Cramer's case, the board surmised that delay was the only damage, inasmuch as Cramer had new counsel to pursue her claim.

{¶ 9} Unanswered questions as to how much respondent's inaction harmed Myers, on the other hand, troubled the panel and board. The stipulations suggested to them that respondent had initially dismissed Myers's case voluntarily to avoid sanctions that the trial court seemed poised to impose. Even after refiling the case, however, respondent's continued inaction caused the court to dismiss the case for want of prosecution. See Civ.R. 41(B)(1). Myers has since died, and the panel and board expressed concern that the second dismissal might have been with prejudice, precluding Myers's estate, if one were to be opened, from pursuing her claim.

{¶ 10} Respondent admitted during the panel hearing that he had no malpractice insurance while he was representing these two clients, although he testified that neither Cramer nor Myers's representative had threatened to sue him for malpractice. Relator did not allege any violation of DR 1–104 (requiring lawyers to carry professional-liability insurance or disclose to clients that they do not).

{¶ 11} Acknowledging his neglect, respondent conceded that he should not have accepted responsibility for either Cramer's or Myers's case. He testified that he had little experience in personal injury, that both cases were difficult in terms of establishing liability and damages, and that he had consequently considered the cases of low priority. Respondent also explained that his criminal and domestic practices were monopolizing his professional time.

{¶ 12} Respondent further testified to the personal difficulties he was having while representing Cramer and Myers, including marital troubles and caring for a child with autistic spectrum disorder. Nevertheless, respondent accepted full responsibility for his conduct, acknowledging that these concerns were no excuse for his inaction. He added that since the beginning of these proceedings, he has restricted his practice to the criminal and domestic areas of his expertise, obtained professional-liability insurance, and reconciled with his wife. He has also seen much improvement in his son's condition. According to respondent, these developments have allowed him to regain control of his personal and professional life.

{¶ 13} In reviewing other mitigating factors, the board found that respondent had no prior record of discipline or dishonest motive. BCGD Proc.Reg. 10(B)(2)(a) and (b). Respondent, a recovering alcoholic since 1987, denied that substance abuse contributed to his misconduct. See BCGD Proc.Reg. 10(B)(2)(g).

{¶ 14} Relator recommended a one-year suspension, stayed on the condition that respondent serve a one-year probation and allow his practice to be monitored. Respondent requested a public reprimand. Like the panel, the board recommended a public reprimand, presenting this explanation for the panel's recommendation:

{¶ 15} "We find this case almost identical to that of *Medina County Bar Association v. Kerek,* 102 Ohio St.3d 228, 2004-Ohio-2286, [809 N.E.2d 1], where a public reprimand was imposed. While it is true that in *Kerek* the neglect involved only one client and that the neglect in this case encompasses two clients, on the other hand the Respondent in *Kerek* was also found to have violated other disciplinary rules consisting of giving impermissible financial assistance to a client in violation of DR 5–103(B) and failure to cooperate [in disciplinary proceedings] in violation of Gov.Bar R. V(4)(G). Such violations are not present in this case.

{¶ 16} "In the Panel's judgment Respondent's misconduct is on a level equal to [that of] the Respondent in *Kerek*. It is believed that this precedent, together with Respondent's remorse, his twenty-eight years of being licensed without a violation, and the absence of any significant aggravating factors supporting a more severe sanction, justify the Panel's recommendation of a public reprimand."

{¶ 17} Relator does not object to the board's recommended public reprimand.

## Review

{¶ 18} We agree that respondent violated the Disciplinary Rules cited by the board. We also agree that a public reprimand is the appropriate sanction.

{¶ 19} Respondent is therefore publicly reprimanded for his violations of DR 6–101(A)(1), 6–101(A)(3), 7–101(A)(2), and 7–101(A)(3). Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

James S. Thomasson and John Weisensell, for relator.

Thomas Adgate, for respondent.