LORAIN COUNTY BAR ASSOCIATION *v.* STUART.

[Cite as *Lorain Cty. Bar Assn. v. Stuart,* 135 Ohio St.3d 117, 2012-Ohio-5687.]

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct, including failure to provide competent representation to a client and failure to disclose to client attorney's failure to carry professional-liability insurance—Public reprimand.*

(No. 2012-1008—Submitted August 22, 2012—Decided December 6, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 11-100.

_____

**Per Curiam.**

{¶ 1} Respondent, Richard Paul Stuart of Avon Lake, Ohio, Attorney Registration No. 0047123, was admitted to the practice of law in Ohio in 1990. On December 5, 2011, relator, Lorain County Bar Association, filed a six-count complaint against Stuart for violating the Rules of Professional Conduct in connection with his representation of Carlonna Gerber. The first four counts charged violations of Prof.Cond.R. 1.1 (a lawyer shall provide competent representation to a client), 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client), 1.4(a)(3) (a lawyer shall keep the client reasonably informed about the status of the matter), and 1.4(c) (a lawyer shall inform a client if the lawyer does not maintain professional-liability insurance). The fifth and sixth counts charged violations of Prof.Cond.R. 1.8(e) (a lawyer shall not provide financial assistance to a client in connection with pending or contemplated litigation) and 1.8(h) (prohibiting agreements that prospectively limit the lawyer's liability for malpractice and prescribing standards for agreements that settle such a claim).

**{¶ 2}** During the course of the proceedings, relator and Stuart stipulated to facts, rule violations, aggravating and mitigating factors, and the proposed sanction, a public reprimand. The parties stipulated to violations of counts one, four, and five of the complaint, which charged violations of Prof.Cond.R. 1.1, 1.4(c), and 1.8(e), and the relator recommended dismissal of the remaining three counts of the complaint. On April 20, 2012, the panel held a hearing at which the grievant and Stuart testified. In its report, the panel recommended a finding that as stipulated, Stuart violated Prof.Cond.R. 1.1 and 1.4(c). But with respect to Prof.Cond.R. 1.8(e), the panel concluded that the facts of the present case did not establish a violation of that rule and recommended dismissal of that count.

**{¶ 3}** With respect to aggravating factors, the panel and the board concluded that Stuart's commission of multiple violations was an aggravating factor. *See* BCGD Proc.Reg. 10(B)(1)(d). With respect to mitigating factors, the panel and the board recognized several factors, as stipulated by the parties: (1) Stuart's prompt and full cooperation in the disciplinary process, (2) the absence of a selfish and dishonest motive, and (3) the absence of a prior disciplinary record. *See* BCGD Proc.Reg. 10(B)(2)(a), (b), and (d). The panel and board also recognized that Stuart acknowledged his wrongdoing and accepted responsibility for his misconduct. The panel and the board adopted the stipulated sanction of public reprimand.

**{¶ 4}** We concur in the findings and conclusions of the board and order that a public reprimand be issued against Stuart.

### Misconduct

*Facts*

**{¶ 5}** In May 2009, Jay Workman filed a complaint in the Lorain County Court of Common Pleas against several defendants, including his mother, the grievant, Carlonna Gerber. On or about July 24, 2009, Stuart entered an

2

appearance on Gerber's behalf. Workman subsequently settled with all defendants other than Gerber.

{¶ 6} In February 26, 2010, Workman sought written discovery, including requests for admissions, from Gerber. The requests were served on Stuart, but he did not respond to the requests for admissions. Subsequently, on or about May 25, 2010, Workman moved for summary judgment on the issue of liability based on Stuart's failure to respond to the requests for admissions. Stuart did not oppose the motion. On July 7, 2010, the court granted summary judgment in Workman's favor on the issue of liability.

{¶ 7} Prior to the order granting summary judgment, the parties had agreed to mediate the case. That mediation was ultimately rescheduled to July 14, 2010. On July 12, 2010, Stuart contacted Gerber to "remind" her about the impending mediation but, notably, he had not previously given Gerber notice of the mediation. Although he knew that the court had entered summary judgment in favor of Workman on the issue of liability, Stuart did not advise Gerber of that decision when he spoke with her. Instead, on the morning of the mediation, July 14, 2010, he informed Gerber that he had not responded to Workman's requests for admission and other discovery requests and that summary judgment had been entered against her. The case proceeded to mediation on the issue of damages.

{¶ 8} After negotiations reached an impasse, Stuart requested to speak directly with Workman's counsel. After the discussion, counsel agreed to settle the case for $10,000, of which Stuart himself would pay $5,000. A settlement agreement was drafted reflecting the agreement and granting Gerber 60 days to make payment. The agreement, however, was silent about Stuart's monetary contribution.

{¶ 9} When Stuart learned that Gerber was unable to pay her half of the settlement, he sent her a letter indicating his intent to withdraw as counsel. He also demanded $4,750 in legal fees. The following day, Stuart filed a notice of

withdrawal with the trial court, citing Gerber's failure to abide by the settlement agreement.

**{¶ 10}** On October 14, 2010, Workman moved to enforce the settlement and for sanctions. On or about February 25, 2011, the court held a hearing on Workman's motion. Gerber attended without counsel, and the case settled. Gerber paid Workman $5,000 the following month. On or about June 13, 2011, Stuart paid $5,000 towards the settlement by delivering a cashier's check to Workman.

*Violations*

**{¶ 11}** The parties stipulated that Stuart violated Prof.Cond.R. 1.1 (a lawyer shall provide competent representation to a client) and 1.8(e) (a lawyer shall not provide financial assistance to a client in connection with pending or contemplated litigation). Additionally, the parties stipulated that Stuart allowed his professional-liability insurance to lapse between May 2, 2007, and January 3, 2011, and that he failed to advise his client that he did not maintain insurance. Based on those facts, the parties stipulated that Stuart violated Prof.Cond.R. 1.4(c) (a lawyer shall inform a client if the lawyer does not maintain professional-liability insurance).

**{¶ 12}** The panel and the board reviewed the evidence and found that Stuart had violated Prof.Cond.R. 1.1 and 1.4(c), as stipulated. But the panel and the board concurred in dismissing the count alleging violation of Prof.Cond. 1.8(e) (a lawyer shall not provide financial assistance to a client in connection with pending or contemplated litigation). In regard to that count, both the official comments and the case law recognize that the rule is designed to prohibit financial assistance in the context of promoting lawsuits that might not be pursued apart from the attorney's financial interest. As the panel stated, "the prohibition is aimed at preventing a conflict of interest between the attorney and a client whose best interests might not be served in pursuing litigation." *See Toledo Bar Assn. v.*

*Pheils*, 129 Ohio St.3d 279, 2011-Ohio-2906, 951 N.E.2d 758; *Cleveland Metro. Bar Assn. v. Podor*, 121 Ohio St.3d 131, 2009-Ohio-358, 902 N.E.2d 488. Because Stuart's representation of Gerber did not pose the type of conflict of interest that the rule was designed to prevent, the panel and the board recommend dismissal of the count charging him with that violation.

{¶ 13} We concur in the findings and conclusions of the board and agree that Stuart violated Prof.Cond.R. 1.1 and 1.4(c). We further agree that the count relating to Prof.Cond.R. 1.8(e) was properly dismissed.

## Aggravation and Mitigation

### *Aggravating factors*

{¶ 14} The parties stipulated that there were no aggravating factors, but the board recognized that two violations constitute multiple violations under these circumstances. We agree that there is one aggravating factor pursuant to BCGD Proc.Reg. 10(B)(1)(d).

### *Mitigating factors*

{¶ 15} The parties stipulated, and the board found, the following mitigating factors: (1) Stuart has no prior discipline, *see* BCGD Proc.Reg. 10(B)(2)(a); (2) Stuart promptly and fully cooperated in the disciplinary process, accepted responsibility for his misconduct, and acknowledged his violations of the Code of Professional Conduct, *see* BCGD Proc.Reg. 10(B)(2)(d); and (3) Stuart did not act with a selfish or self-serving motive, nor did his violations of the Code of Professional Conduct involve fraud or dishonesty, *see* BCGD Proc.Reg. 10(B)(2)(b). Additionally, Stuart presented five letters attesting to his character and diligence in the usual course of his legal practice. We concur in the board's evaluation of the mitigating factors.

## Disposition

{¶ 16} The board adopted the stipulated sanction of public reprimand, finding that that sanction was consistent with our precedent. Indeed, several prior

cases similarly involve isolated instances of neglect or incompetence, sometimes with the failure to notify the client of a lack of professional-liability insurance. Those cases culminated in a public reprimand. *See Lorain Cty. Bar Assn. v. Godles*, 128 Ohio St.3d 279, 2010-Ohio-6274, 943 N.E.2d 988; *Cuyahoga Cty. Bar Assn. v. Johnson*, 123 Ohio St.3d 65, 2009-Ohio-4178, 914 N.E.2d 180; *Akron Bar Assn. v. Maher*, 110 Ohio St.3d 346, 2006-Ohio-4575, 853 N.E.2d 660; *Medina Cty. Bar Assn. v. Kerek*, 102 Ohio St.3d 228, 2004-Ohio-2286, 809 N.E.2d 1. We agree with the board and adopt the sanction of public reprimand. We believe that sanction is sufficient to protect the public.

### Conclusion

{¶ 17} We adopt the findings and conclusions of the board, and we hold that Stuart violated Prof.Cond.R. 1.1 and 1.4(c). We also agree with the recommended sanction of public reprimand. We therefore order that a public reprimand issue against Stuart. We further order that costs be taxed to Stuart.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Giardini, Cook & Nicol, L.L.C., and Daniel C. Cook; and Dennis Will, Lorain County Prosecuting Attorney, and David P. Muhek, Assistant Prosecuting Attorney, for relator.

Daniel G. Wightman, for respondent.

_____