COLUMBUS BAR ASSOCIATION v. DICKER.

[Cite as *Columbus Bar Assn. v. Dicker,*
102 Ohio St.3d 123, 2004-Ohio-1803.]

(No. 2004–0039—Submitted February 3, 2004—Decided April 28, 2004.)

———————

**Per Curiam.**

{¶ 1} Respondent, Gary H. Dicker of Columbus, Ohio, Attorney Registration No. 0037755, was admitted to the practice of law in Ohio in 1987. On June 9,

2003, relator, Columbus Bar Association, charged respondent with violations of the Code of Professional Responsibility. A panel of the Board of Commissioners on Grievances and Discipline considered the cause on the parties' consent-to-discipline agreement. See Section 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.").

{¶ 2} Frazier Legal Group retained respondent in June 2002 to represent a client in a parole-violation case. The Frazier Group accepted a $2,500 fee to arrange the representation and paid respondent either $750 or $1,000 of this amount. Respondent, however, could not precisely account for his fee because he did not maintain records of the transaction. Respondent also has not refunded any unearned portion of his fee.

{¶ 3} During relator's investigation of this misconduct, respondent represented that he had consulted with his client while in jail when, in fact, he had not. Respondent later realized that he had confused this client with another client whom he had visited in jail. He explained his mistake and stipulated that his conduct violated Gov.Bar R. V(4)(G) (requiring an attorney to cooperate in an investigation of misconduct).

{¶ 4} The panel accepted the parties' agreement as to respondent's misconduct and found that he had violated DR 1–102(A)(6) (barring conduct that adversely reflects on an attorney's fitness to practice law) and 9–102(B)(3) (requiring an attorney to maintain complete records of client funds and to render appropriate accounts) and Gov.Bar R. V(4)(G).

{¶ 5} In recommending a sanction, the panel considered the aggravating and mitigating factors listed in BCGD Proc.Reg. Section 10. Consistent with the parties' agreement, the panel found respondent's failure to cooperate to be an aggravating factor. Considering mitigating factors, the panel found that respondent had no prior disciplinary record, had not acted out of dishonesty or selfishness, and has a reputation for good character in the legal community.

{¶ 6} In accepting the consent-to-discipline agreement, the panel also recommended the sanction stipulated by the parties: a public reprimand. The board accepted the parties' agreement, adopting the panel's findings of misconduct and recommendation.

{¶ 7} We agree with the board's findings of misconduct and recommendation. Accordingly, respondent is hereby publicly reprimanded for having violated DR 1–102(A)(6) and 9–102(B)(3) and Gov.Bar R. V(4)(G). Costs are taxed to the respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

Bruce A. Campbell, Bar Counsel, Jill Snitcher McQuain, Assistant Bar Counsel, Joel H. Mirman and Barbara J. Petrella, for relator.

Alvin E. Mathews Jr., for respondent.