[Cite as *B.J. Alan Co. v. Congress Twp. Bd. of Zoning Appeals,* 124 Ohio St.3d 1, 2009-Ohio-5863.]

B.J. ALAN COMPANY, D.B.A. PHANTOM FIREWORKS, ET AL., APPELLEES, *v.* CONGRESS TOWNSHIP BOARD OF ZONING APPEALS ET AL., APPELLANTS.

[Cite as *B.J. Alan Co. v. Congress Twp. Bd. of Zoning Appeals,*

**124 Ohio St.3d 1, 2009-Ohio-5863.**]

*Township zoning — R.C. 519.02 — Township's adoption of county's comprehensive plan upheld — Comprehensiveness of plan determined.*

(No. 2008-0306 — Submitted December 17, 2008 — Decided November 12, 2009.)

APPEAL from the Court of Appeals for Wayne County, No. 07CA0051, 2007-Ohio-7023.

_____

**PFEIFER, J.**

**{¶ 1}** We address today the "comprehensive plan" requirement of R.C. 519.02. R.C. 519.02 allows township trustees to create, by resolution, zoning regulations to cover the unincorporated portions of townships. The statute requires such zoning resolutions to be "in accordance with a comprehensive plan." This case presents the question of whether the comprehensive plan required by the statute must be a plan developed by the township itself or whether the township may rely on a comprehensive plan created at the county level. We hold that a countywide comprehensive plan can fulfill the "comprehensive plan" requirement of R.C. 519.02.

**Factual and Procedural Background**

**{¶ 2}** This case arises out of the attempt of appellees, B.J. Alan Company, Phantom of West Salem, Inc., and Zoldan Family Ohio Limited Partnership (collectively referred to as "Phantom"), to construct and operate a state-licensed fireworks store at the intersection of Interstate 71 and State Route 539 in Congress Township in Wayne County. At the administrative level,

Congress Township zoning regulations thwarted Phantom in its attempt to build the store.

*Congress Township Zoning Resolution*

**{¶ 3}** Congress Township has an area of approximately 43 square miles and a population of about 4,400. http://www.city-data.com/township/Congress-Wayne-OH.html. Three incorporated villages lie within the township: West Salem, Congress, and Burbank; collectively they account for less than two square miles of land area and less than half of the total township population. (Area and population data for the three towns is found at http://www.city-data.com/city/Burbank-Ohio.html, http://www.city-data.com/city/West-Salem-Ohio.html, and http://ohio.hometownlocator.com/oh/wayne/congress.cfm.) The bulk of the residents of Congress Township reside in the 41 square miles of unincorporated areas of the township.

**{¶ 4}** In 1992, Congress Township established the Congress Township Rural Zoning Commission to create a zoning resolution that would cover the unincorporated areas of the township. The commission's chairman at the time, William Cletzer, testified that the commission had relied upon the Wayne County Comprehensive Plan in drafting the zoning resolution: "We actually, we used the Wayne County comprehensive plan as our comprehensive plan, to follow suit in their planning of an agricultural county for agricultural use." Township electors approved the zoning resolution in 1994.

**{¶ 5}** The zoning resolution contains two zoning districts: A-Agricultural and B-Business/Industry. The zoning district map, incorporated into the zoning resolution, designates all land in the unincorporated areas of the township as A-Agricultural; no land is mapped B-Business/Industry. This meant that although the zoning resolution allowed B-Business/Industry development, no landowner could simply obtain a zoning certificate for such development from the zoning inspector. Instead, a landowner seeking to undertake business or industrial

2

development would have to either apply to the zoning commission for a change of district boundaries on the zoning map or seek from the board of zoning appeals a variation from the zoning resolution.

*Fireworks*

**{¶ 6}** When Phantom purchased the property in question, it knew that the land was zoned A-Agricultural. Still, Phantom applied for a zoning certificate for its fireworks store. The zoning inspector denied that application, and Phantom subsequently filed an appeal and request for a use variance with the Congress Township Board of Zoning Appeals ("BZA").

**{¶ 7}** The BZA held an evidentiary hearing on November 20, 2006. At the hearing, Phantom urged the board either to overrule the zoning inspector's decision to deny a zoning certificate or to grant Phantom a use variance. Phantom also argued that Congress Township's zoning resolution violated R.C. 519.02 because it was not in accordance with a comprehensive plan, both because Congress Township did not have its own comprehensive plan and because the resolution contained only one zoning district and was therefore "by definition * * * not zoning in accordance with the comprehensive plan." Following the hearing, the BZA affirmed the zoning inspector's decision denying the zoning certificate and denied Phantom's request for a variance.

**{¶ 8}** Pursuant to R.C. Chapter 2506, Phantom appealed that decision to the Wayne County Court of Common Pleas. On June 15, 2007, the trial court affirmed the decision of the BZA. Phantom appealed that decision, and the court of appeals reversed the trial court. *B.J. Alan Co. v. Congress Twp. Bd. of Zoning Appeals*, 9th Dist. No. 07CA0051, 2007-Ohio-7023. The appellate court held that the trial court erred in affirming the BZA's opinion "because the township's zoning resolution is an invalid exercise of the township's authority under R.C. 519.02." Id. at ¶ 11. The court based its decision on its finding that Congress Township lacked a comprehensive plan: "In the absence of a comprehensive plan,

a township zoning resolution is an invalid exercise of the township's authority under R.C. 519.02." Id. at ¶ 12. The court pointed to Cletzer's BZA hearing testimony that the township did not have its own comprehensive plan but that the commission "looked to the Wayne County comprehensive plan and 'molded or formed' the township resolution 'based on that plan.' " Id. at ¶ 14. The court found that the county plan that Congress Township had relied upon did not set forth goals or recommendations specific to Congress Township: "The Wayne County comprehensive plan reports submitted as part of the record are from 1977 and note that Congress Township is one of nine townships in the county which were merely requesting rural zoning at that time. The county comprehensive plan does not set forth goals or recommendations specific to Congress Township." Id. The court concluded: "Because the zoning resolution does not regulate the use of unincorporated township land in accordance with a comprehensive plan, the resolution is invalid. * * * The trial court ignored the requirement of R.C. 519.02 that the township resolution be adopted 'in accordance with a comprehensive plan.' The failure of the township to have a comprehensive plan renders the zoning resolution invalid." Id. at ¶ 16.

{¶ 9} The cause is before this court upon the acceptance of a discretionary appeal.

**Law and Analysis**

{¶ 10} First, we consider whether a township must develop its own comprehensive plan in order to conform to the dictates of R.C. 519.02, or whether the township may rely on the comprehensive plan developed by its county. Second, we determine whether the Wayne County Comprehensive Plan constitutes a comprehensive plan for purposes of R.C. 519.02.

*The Comprehensive-Plan Requirement of R.C. 519.02*

{¶ 11} R.C. 519.02 allows for zoning in unincorporated areas of townships. It provides:

{¶ 12} "(A) * * * Except as otherwise provided in this section, in the interest of the public convenience, comfort, prosperity, or general welfare, the board [of township trustees] by resolution, in accordance with a comprehensive plan, may regulate the location of, set back lines for, and the uses of buildings and other structures, * * * and the uses of land for trade, industry, residence, recreation, or other purposes in the unincorporated territory of the township, and may establish reasonable landscaping standards and architectural standards excluding exterior building materials in the unincorporated territory of the township."

{¶ 13} R.C. 519.02 requires a township's zoning resolution regarding unincorporated areas of the township to be "in accordance with a comprehensive plan." The parties agree that Congress Township did not have its own comprehensive plan in place at the time it created its zoning resolution. But this is not a significant fact under R.C. 519.02, despite the appellate court's contrary determination. R.C. 519.02 does not require that a township create its own comprehensive plan – it requires only that a zoning resolution be "in accordance with *a* comprehensive plan." (Emphasis added.) To require each township to create its own comprehensive plan is to read additional language into R.C. 519.02. We cannot do that: "In matters of construction, it is the duty of this court to give effect to the words used, not to delete words used or to insert words not used." *Cleveland Elec. Illum. Co. v. Cleveland* (1988), 37 Ohio St.3d 50, 524 N.E.2d 441, paragraph three of the syllabus.

{¶ 14} Congress Township asserts that it did follow a comprehensive plan: that created by Wayne County. But the appellate court found that the countywide plan did not set forth goals or recommendations specific to Congress Township, and held that it thus could not function as a comprehensive plan that would meet the requirements of R.C. 519.02. We find that the court erred in making that determination.

**{¶ 15}** Countywide planning is encouraged by law in Ohio. Counties are equipped for developing broad, big-picture plans encompassing all the communities within their jurisdictions. R.C. 713.22 allows for the creation of county planning commissions; R.C. 713.23 sets forth their powers and duties:

**{¶ 16}** "(B) The duties of the planning commission include, but are not limited to:

**{¶ 17}** "(1) Preparing the plans, including studies, maps, recommendations, and reports on:

**{¶ 18}** "(a) Regional goals, objectives, opportunities, and needs, and standards, priorities, and policies to realize such goals and objectives;

**{¶ 19}** " * * *

**{¶ 20}** "(c) The general pattern and intensity of land use and open space;

**{¶ 21}** "(d) The general land, water, and air transportation systems, and utility and communication systems;

**{¶ 22}** "(e) General locations and extent of public and private works, facilities, and services;

**{¶ 23}** "(f) General locations and extent of areas for conservation and development of natural resources and the control of the environment;

**{¶ 24}** " * * *

**{¶ 25}** "(2) Promoting understanding of and recommending administrative and regulatory measures to implement the plans of the region;

**{¶ 26}** " * * *

**{¶ 27}** "(4) Contracting with and providing planning assistance to other units of local government, councils of governments, planning commissions, and joint planning councils; coordinating the planning with neighboring planning areas; cooperating with the state and federal governments in coordinating planning activities and programs in the region;

**{¶ 28}** "(5) Reviewing, evaluating, and making comments and recommendations on proposed and amended comprehensive land use, open space, transportation, and public facilities plans, projects, and implementing measures of local units of government; and making recommendations to achieve compatibility in the region;

**{¶ 29}** "(6) Reviewing, evaluating, and making comments and recommendations on the planning, programming, location, financing, and scheduling of public facility projects within the region and affecting the development of the area;

**{¶ 30}** "(7) Undertaking other studies, planning, programming, conducting experimental or demonstration projects found necessary in the development of plans for the region or county, and coordinating work and exercising all other powers necessary and proper for discharging its duties."

**{¶ 31}** County planning commissions are charged with creating a framework for development within a county. A county or regional comprehensive plan can address zoning goals like conservation and controlling sprawl that townships within the region share but cannot achieve alone. The countywide view accounts for the interrelationship of communities and marshals resources and expertise. We thus conclude that a county comprehensive plan that sets forth county land-use goals and recommendations can constitute a "comprehensive plan" for purposes of R.C. 519.02.

*Wayne County Comprehensive Plan*

**{¶ 32}** The next question is whether the Wayne County plan is a comprehensive plan and whether its breadth includes Congress Township.

**{¶ 33}** The Wayne County Regional Planning Commission created the Wayne County Comprehensive Plan in 1977. At the time of the development of the plan, the county estimated its population at 102,051; its 2008 estimated population is 113,812. http://quickfacts.census.gov/qfd/states/39/39169.html.

Less than 2 percent of the 555 square miles in Wayne County consists of urban areas. Ohio Historical Society, http://www.ohiohistorycentral.org/entry.php?rec= 2032.

{¶ 34} The over-200-page plan makes numerous recommendations for all of Wayne County, including Congress Township. In developing the plan, the commission prepared separate reports titled "Community Facilities and Land Use," "Land Use Plan," "Regional Housing," and "Land Use and Housing Implementation." The plan highlights the importance of regional planning:

{¶ 35} "The purpose of a regional comprehensive development plan is to provide a blueprint for the region's urban and rural development. It must be comprehensive in three ways: (1) Areawide – it must cover the entire region, (2) time wise – it must cover the short and long term future, and (3) subject wise – it must cover urban , rural, agricultural and natural resource aspects.

{¶ 36} " * * *

{¶ 37} " * * * This plan is general in nature and yet it recommends specific direction and magnitude to urban growth and retention of rural lands. * * * This will provide an equitable basis for staff recommendations and Commission decisions on public and private investment policies. It also provides a basis for zoning and subdivision decisions which are not possible without an adopted plan.

{¶ 38} "This adopted plan is a guide for the next several decades of development in Wayne County."

{¶ 39} The overriding goal of the plan is to retain the rural character of the county. The plan's proposed regional land-use and development goals include the retention of "the better agricultural areas, as exclusively as possible, for food and fiber production," the direction of additional urban growth "in and around existing centers to provide economies of scale to benefit present and future residents," including "economies in land use, utilities, investments and services,"

and the improvement of the quality of the environment "through reasonable water, air and solid waste solutions."

{¶ 40} The plan states that in conjunction with the comprehensive plan, the regional planning commission has drafted a model zoning text for the townships in Wayne County to use, which included recommended districts, lot dimensions, and administration procedures. The plan also sets forth a zoning-adoption procedure for townships.

{¶ 41} The plan includes numerous references to Congress Township. It introduces Wayne County Planning Areas, "discrete units which will be used throughout this study for the purpose of detailed population and housing analyses of the Wayne County region." The plan notes that "[t]he Areas were aggregated based upon economic, social, and physical similarities among the political units within each; they have been used for discussion of local planning and zoning issues." Id. Congress Township is in the Northwest Planning Area, an area described as one of the "key sectors" the plan recommends for distribution of federal low- and moderate-income housing-assistance funds. Congress Township is included in the comprehensive-development-plan maps and regional strategy map for housing. The plan also discusses the effect of Interstate 71 on Congress Township.

{¶ 42} We conclude that the Wayne County Comprehensive Plan presents a thorough study of the region and sets forth comprehensive land-use goals for the county. Further, it demonstrates an intent to include Congress Township within its purview. Therefore, we conclude that the Wayne County Comprehensive Plan constitutes a comprehensive plan for purposes of R.C. 519.02.

## Conclusion

{¶ 43} Our decision today is limited. We have determined that a countywide comprehensive plan can meet the comprehensive-plan requirement of R.C. 519.02 and that pursuant to that statute the Wayne County Comprehensive

Plan qualifies as a comprehensive plan encompassing Congress Township. Among the issues we have not determined today is whether the Congress Township zoning ordinance is indeed "in accordance" with the Wayne County Comprehensive Plan. Accordingly, we reverse the judgment of the court of appeals and remand the matter to that court for further consideration consistent with this opinion.

Judgment reversed<br>and cause remanded.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Roetzel & Andress, L.P.A., Stephen W. Funk, and Paul W. Lombardi, for appellees.

Manley Burke, L.P.A., Timothy M. Burke, Emily T. Supinger, and Daniel J. McCarthy; and Martin Frantz, Wayne County Prosecuting Attorney, and Katherine Gallagher and Latecia Wiles, Assistant Prosecuting Attorneys, for appellants.

Loveland & Brosius, L.L.C., Donald F. Brosius, and Peter N. Griggs, urging reversal for amici curiae Ohio Township Association, Ohio Farm Bureau Federation, Inc., and Wayne County Farm Bureau.

Nick A. Selvaggio, Champaign County Prosecuting Attorney, and Scott D. Schockling, Assistant Prosecuting Attorney, urging reversal for amicus curiae Ohio Prosecuting Attorneys' Association.

Berns, Ockner & Greenberger, L.L.C., Sheldon Berns, and Gary F. Werner, urging affirmance for amicus curiae Ohio Home Builders Association.

Law Office of Gary E. Powell and Gary E. Powell, urging affirmance for amici curiae American Planning Association and Ohio Planning Conference.

_____