DISCIPLINARY COUNSEL *v.* MITCHELL.

[Cite as *Disciplinary Counsel v. Mitchell*, 124 Ohio St.3d 266, 2010-Ohio-135.]

*Attorneys — Misconduct — Multiple violations of the Rules of Professional Conduct — Indefinite license suspension.*

(No. 2009-1502 — Submitted October 20, 2009 — Decided January 26, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 09-014.

_____

**Per Curiam**.

{¶ 1} Respondent, Donald Cameron Mitchell II of Cincinnati, Ohio, Attorney Registration No. 0040985, was admitted to the practice of law in Ohio in 1988. The Board of Commissioners on Grievances and Discipline recommends that we indefinitely suspend respondent's license to practice, based on findings that he intentionally attempted to deceive a juvenile court magistrate as to his identity and the status of his license to practice. We agree that respondent's misrepresentations violated the Rules of Professional Conduct and that an indefinite suspension is appropriate.

{¶ 2} Relator, Disciplinary Counsel, charged respondent with one count of professional misconduct, alleging multiple ethical violations. Respondent was served with notice of the complaint but did not answer, and pursuant to Gov.Bar R. V(6)(F), relator moved for default. A master commissioner appointed by the board granted the motion, making findings of fact, conclusions of law, and a recommendation of indefinite suspension. The board adopted the master commissioner's findings of misconduct and recommendation.

**Misconduct**

**{¶ 3}** Respondent abandoned the practice of law in 1992 to accept a job in the insurance industry. He has not renewed his attorney registration since 1995 and has been suspended for failing to register since December 2, 2005. See *In re Attorney Suspension of Mitchell*, 107 Ohio St.3d 1431, 2005-Ohio-6408, 838 N.E.2d 671.[1] Despite his suspension, respondent attempted in early January 2008 to represent a minor before the Greene County Juvenile Court and at that time provided false information about himself in response to a magistrate's inquiries into his professional qualifications.

**{¶ 4}** Respondent's pretrial discussions with an assistant prosecutor before the juvenile court proceedings raised the prosecutor's suspicions as to whether he was in fact an attorney. The prosecutor alerted the magistrate, who checked online attorney-registration records. Initially unable to find any listing for respondent, the magistrate asked him to provide his middle name. Apparently to evade detection for practicing with a suspended license, respondent identified his middle name as Alan, when it was actually Cameron.

**{¶ 5}** When the magistrate informed respondent that she still could find no licensed attorney in Ohio under the name he had identified, respondent falsely reported that he was licensed in Kentucky. On the understanding that respondent was not licensed to practice in Ohio, the magistrate advised him that he could not practice in her courtroom. The magistrate then excused respondent from the case and later reconvened the juvenile court proceedings.

**{¶ 6}** Respondent admitted these facts in a deposition during relator's investigation. He also testified that the juvenile was the child of a woman with whom he worked and that neither she nor her child had known prior to their court

---

1. The board noted that respondent's license has also been under suspension since December 5, 2003, for failure to comply with the continuing-legal-education requirements of Gov.Bar R. X. See *In re Mitchell*, 100 Ohio St.3d 1516, 2003-Ohio-6494, 800 N.E.2d 34. A sanction imposed under that rule, however, is not to be considered in the imposition of a disciplinary sanction under Gov.Bar R. V(8). Gov.Bar R. X(5)(C).

appearance of respondent's suspension from the Ohio bar. Respondent characterized his conduct in the juvenile court case as "stupid," said that he understood the gravity of his infraction, and asserted that he had not attempted to provide legal representation to anyone else since the suspension of his license.

{¶ 7} Based on these admissions, the board found clear and convincing evidence that respondent had violated Prof.Cond.R. 3.3(a)(l) (prohibiting a lawyer from knowingly making a false statement of fact or law to a tribunal), 5.5(b)(2) (prohibiting a lawyer who is not admitted to practice in this jurisdiction from holding himself out as admitted to practice), 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d) (prohibiting a lawyer from engaging in conduct prejudicial to the administration of justice), and 8.4(h) (prohibiting a lawyer from engaging in conduct adversely reflecting on the lawyer's fitness to practice law). The board also observed that respondent remained in violation of his duties under Gov.Bar R. VI(1)(A) (requiring a lawyer to comply with regulations for biennial registration and payment of fees) and (D) (requiring a lawyer to update his residence and office addresses with the Office of Attorney Registration). We adopt the board's findings of misconduct.

## Sanction

{¶ 8} In recommending an indefinite suspension for respondent's misconduct, the board factored into its decision the aggravating and mitigating factors of respondent's case. See BCGD Proc.Reg. 10(B). In mitigation, the board cited respondent's cooperation insofar as he had appeared for deposition and had made various admissions. BCGD Proc.Reg. 10(B)(2)(d). The board weighed against respondent his suspension for failing to comply with attorney-registration requirements. BCGD Proc.Reg. 10(B)(1)(a).

{¶ 9} In light of respondent's admissions, the board's findings of misconduct, and the fact that neither party has objected to the board's report, we

3

accept the recommendation for an indefinite suspension. Respondent is therefore indefinitely suspended from the practice of law in Ohio. Pursuant to Gov.Bar R. V(10)(B), he may not petition for reinstatement to the Ohio bar for two years from the date of our order.

{¶ 10} Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Carol A. Costa, for relator.

_____