[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Cleveland Metro. Bar Assn. v. Zaffiro*, Slip Opinion No. 2010-Ohio-4830.]

CLEVELAND METROPOLITAN BAR ASSOCIATION *v.* ZAFFIRO.

[Cite as *Cleveland Metro. Bar Assn. v. Zaffiro*,

127 Ohio St.3d 5, 2010-Ohio-4830.]

*Attorneys at law — Misconduct — Failure to cooperate in disciplinary investigation — Failure to inform client of lack of malpractice insurance — Public reprimand.*

(No. 2010-0769 — Submitted July 6, 2010 — Decided October 7, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 09-032.

_____

**Per Curiam**.

{¶ 1} Respondent, William T. Zaffiro Jr. of Lyndhurst, Ohio, Attorney Registration No. 0077479, was admitted to the practice of law in Ohio in 2004. The Board of Commissioners on Grievances and Discipline now recommends that we publicly reprimand respondent for failing to inform a client that he did not carry malpractice insurance, failing to cooperate in a disciplinary investigation, and making a false statement of material fact during a disciplinary investigation. We agree that respondent engaged in this misconduct and that a public reprimand is an appropriate sanction.

**Facts and Misconduct**

{¶ 2} On July 1, 2009, relator, Cleveland Metropolitan Bar Association, filed an amended complaint charging respondent with violations of the Code of Professional Responsibility and Rules of Professional Conduct arising from his (1) representation of a client in a case in small-claims court that led to a default judgment against his client, (2) failure to inform his client that he did not carry

professional-liability insurance, and (3) conduct during the resulting disciplinary investigation.

{¶ 3} A panel of the Board of Commissioners on Grievances and Discipline rejected the parties' consent-to-discipline agreement,[1] expressing its concern that although respondent claimed to have personally satisfied the default judgment against his client, he had paid the judgment with a check drawn on his client trust account. Therefore, the panel vacated the scheduled hearing to allow relator time to investigate the source of the funds used to satisfy the default judgment and instructed relator to either file a second amended complaint or seek a new hearing date.

{¶ 4} Relator did not amend its complaint to address respondent's apparent use of trust funds to satisfy the default judgment against his client. Instead, the parties submitted stipulated findings of fact and misconduct in which relator agreed to dismiss Count One of its amended complaint and respondent admitted the remaining charges. The parties agreed that a six-month suspension, all stayed, was the appropriate sanction for respondent's misconduct and jointly moved the panel to waive a formal hearing.

{¶ 5} After reviewing the parties' stipulations of fact and misconduct, as well as the stipulated exhibits, the panel granted relator's motion to dismiss Count One of the complaint. The panel also dismissed Counts Two and Three, having unanimously concluded that the record did not contain clear and convincing evidence that respondent had violated Prof.Cond.R. 1.3 or 1.4(a)(3). See Gov.Bar R. V(6)(H).

{¶ 6} Accepting the parties' remaining stipulations of fact and misconduct, the panel found that respondent had failed to produce his

---

1. See Section 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline of the Supreme Court ("BCGD Proc.Reg.").

professional-liability insurance policy as requested by relator during its investigation and that this conduct violated Prof.Cond.R. 8.1(b) and Gov.Bar R. V(4)(G) (both requiring a lawyer to cooperate with a disciplinary investigation). It also found that respondent had agreed to provide information on his professional-liability insurance policy to relator when no such policy existed, thereby violating Prof.Cond.R. 8.1(a) (prohibiting a lawyer from knowingly making a false statement of material fact in connection with a disciplinary matter). Finally, the panel agreed that respondent had failed to inform his client that he did not carry professional-liability insurance, in violation of DR 1-104(A) (requiring a lawyer to disclose to the client that the lawyer lacks professional-liability insurance). The board adopted these findings of fact and misconduct, and we do also.

## Sanction

{¶ 7} In recommending a sanction for this misconduct, the panel considered the aggravating and mitigating features of respondent's case and found that the mitigating factors outweighed the aggravating factors. See Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.").

{¶ 8} Consistent with the parties' stipulations, the panel found that respondent's conduct in falsely leading relator to believe that he maintained professional-liability insurance, when in fact he did not, was an aggravating factor. See BCGD Proc.Reg. 10(B)(1)(f). In mitigation, the panel considered respondent's (1) lack of a prior disciplinary record, (2) lack of a dishonest or selfish motive, (3) timely good faith effort to make restitution by satisfying the default judgment against his client and refunding the client's retainer, (4) cooperative attitude toward the disciplinary proceedings once respondent obtained counsel, and (5) good character and reputation. BCGD Proc.Reg. 10(B)(2)(a),

(b), (c), (d), and (e). The board adopted these findings in aggravation and mitigation.

{¶ 9} The parties agreed that a six-month stayed suspension was the appropriate sanction for respondent's misconduct, citing *Lorain Cty. Bar Assn. v. Paterson*, 98 Ohio St.3d 446, 2003-Ohio-1638, 786 N.E.2d 874 (imposing a public reprimand for an attorney's admitted failure to cooperate in a disciplinary investigation), and *Columbus Bar Assn. v. Dicker*, 102 Ohio St.3d 123, 2004-Ohio-1803, 807 N.E.2d 326 (imposing a public reprimand for an attorney's misrepresentation to relator during a disciplinary investigation). The parties' agreement, however, was premised upon violations alleged in counts related to the default judgment against respondent's client—counts that the panel dismissed.

{¶ 10} The panel noted that in *Akron Bar Assn. v. Wittbrod*, 122 Ohio St.3d 394, 2009-Ohio-3549, 911 N.E.2d 901, we imposed a conditionally stayed six-month suspension on an attorney who had failed to advise a client that he lacked professional-liability insurance and who later proposed the dismissal of the client's grievance as a term of settlement of the related malpractice claim. But it distinguished respondent's misconduct from that of *Wittbrod*, observing that respondent had acknowledged his misconduct, promptly assumed responsibility for the consequences of his alleged malpractice, and rectified his initial failure to cooperate with relator's investigation. Citing Cuyahoga *Cty. Bar Assn. v. Johnson*, 123 Ohio St.3d 65, 2009-Ohio-4178, 914 N.E.2d 180 (publicly reprimanding an attorney who failed to respond to court filings, failed to appear in court on a client's behalf, and failed to advise the client that she lacked professional-liability insurance), the panel concluded that the appropriate sanction for respondent's conduct was a public reprimand. The board adopted this recommendation.

{¶ 11} Having considered respondent's conduct, the aggravating and mitigating factors, and the sanctions imposed for comparable conduct, we agree

with the board's conclusion that a public reprimand is an appropriate sanction for respondent's misconduct. Accordingly, William T. Zaffiro Jr. is hereby publicly reprimanded. Costs are taxed to respondent.

Judgment accordingly.

BROWN, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Heather M. Zirke, Assistant Bar Counsel, and Brian P. Riley, for relator.

Mary L. Cibella, for respondent.

_____