DISCIPLINARY COUNSEL *v.* LAPE.

[Cite as *Disciplinary Counsel v. Lape,* 130 Ohio St.3d 273, 2011-Ohio-5757.]

*Attorneys—Misconduct—Neglect of legal matter—Failure to return clients' property—Failure to cooperate in disciplinary investigation—Stayed six-month suspension.*

(No. 2011-1024—Submitted August 8, 2011—Decided November 10, 2011.

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 10-050.

_____

**Per Curiam**.

{¶ 1} Respondent, Lynn Ann Lape of Cincinnati, Ohio, Attorney Registration No. 0068728, was admitted to the practice of law in Ohio in 1997. We suspended Lape's license in November 2009 for her failure to register for the 2009/2011 attorney-registration biennium. *In re Attorney Registration Suspension of Lape*, 123 Ohio St.3d 1475, 2009-Ohio-5786, 915 N.E.2d 1256. Her registration was reinstated in December 2009. *In re Reinstatement of Lape*, 126 Ohio St.3d 1603, 2010-Ohio-4979, 935 N.E.2d 48. In June 2010, relator, Disciplinary Counsel, filed a complaint charging Lape with violations of the Ohio Rules of Professional Conduct arising from her neglect of a client's bankruptcy matter, failure to safeguard and return that client's property, and failure to cooperate in the ensuing disciplinary investigation.

{¶ 2} Although relator's complaint was served by certified mail on June 15, 2010, at the address Lape has registered with the Office of Attorney Services, Lape did not file a timely answer. On November 9, 2010, relator filed a motion for default supported by documentary evidence, and on November 19, 2010, Lape answered the complaint.

**{¶ 3}** The parties submitted stipulated findings of fact and misconduct, jointly recommended a six-month stayed suspension, and waived an evidentiary hearing. The panel and board have adopted these stipulations of fact and misconduct, as well as the jointly recommended sanction. We adopt the board's report and suspend Lape from the practice of law in Ohio for six months, all stayed on conditions.

### Misconduct

**{¶ 4}** The parties have stipulated and the board has found that Mr. and Mrs. Mark Timerding retained Lape to represent them in a bankruptcy action and provided Lape with various documents, including life insurance policies, mortgage information, and approximately 12 savings bonds worth at least $1,000.

**{¶ 5}** The Timerdings' bankruptcy petition was filed in August 2008, and the discharge entry was filed on November 26, 2008. Following the discharge, Mr. Timerding had a number of questions, but Lape would not answer his telephone calls or e-mails. Nor did she respond to Mr. Timerding's repeated requests that she return the couple's original documents to them.

**{¶ 6}** In February 2009, Mr. Timerding filed a grievance with relator. Although Lape's office staff signed for three certified letters of inquiry from relator, Lape stated that she never saw the letters, and she did not respond to the investigation.

**{¶ 7}** After Lape was personally served with a subpoena to appear for deposition, she appeared at relator's office and was deposed. Lape reported that she had lost the Timerdings' file. She agreed to answer their questions about their bankruptcy and assist them in replacing the savings bonds. Lape never contacted the Timerdings after her deposition. Although she did not act promptly after her deposition, the Timerdings did eventually receive replacement bonds from the United States Treasury Department.

**{¶ 8}** Lape did not avail herself of an opportunity to respond to relator's notice of intent to file a formal complaint, although she personally signed for the certified letter. Nor did she timely file an answer to the formal disciplinary complaint. Despite having received personal service of a draft copy of relator's motion for default on November 3, 2010, Lape did not take any action until November 10, 2010, when she received a time-stamped copy of the default motion and called relator.

**{¶ 9}** The parties have stipulated, the board has found, and we agree that based upon these facts, Lape has violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.15 (requiring a lawyer to preserve the identity of client funds and property and promptly deliver funds or other property that the client is entitled to receive), 1.16(d) (requiring a lawyer withdrawing from representation to take steps reasonably practicable to protect a client's interest), and 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation) and Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate with a disciplinary investigation).

### Sanction

**{¶ 10}** When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

**{¶ 11}** As a mitigating factor, the parties have stipulated that Lape does not have a prior disciplinary record, see BCGD Proc.Reg. 10(B)(2)(a), but she was suspended in November 2009 for failing to comply with attorney-registration requirements, and that suspension may be considered as an aggravating factor. See BCGD Proc.Reg. 10(B)(1)(a); see also *Disciplinary Counsel v. Mitchell*, 124 Ohio St.3d 266, 2010-Ohio-135, 921 N.E.2d 634, ¶ 8, and *Akron Bar Assn. v. Paulson*, 112 Ohio St.3d 334, 2006-Ohio-6678, 859 N.E.2d 932, ¶ 12 (both holding that attorney-registration violations are disciplinary offenses pursuant to BCGD Proc.Reg. 10(B)(1)(a)).

**{¶ 12}** The parties have stipulated and the board recommends that the appropriate sanction for Lape's misconduct is a six-month suspension, all stayed on the condition that she commit no further misconduct. The board also recommends the additional condition that she complete at least six hours of continuing legal education ("CLE") in office management during the stayed suspension.

**{¶ 13}** In support of this sanction, the board cites *Cleveland Metro. Bar Assn. v. Zaffiro*, 127 Ohio St.3d 5, 2010-Ohio-4830, 935 N.E.2d 836, and *Disciplinary Counsel v. Simon*, 128 Ohio St.3d 359, 2011-Ohio-627, 944 N.E.2d 660. In *Zaffiro*, we publicly reprimanded an attorney who failed to inform his clients that he did not carry malpractice insurance, failed to cooperate in a disciplinary investigation, and made false statements by agreeing to provide a copy of his malpractice insurance policy when no such policy existed. And in *Simon*, the attorney had used his client trust account as though it were his personal or law-office operating account, had failed to timely provide information requested by relator, and had failed to cooperate in the disciplinary investigation. We found that the presence of mitigating factors, including Simon's lack of a prior disciplinary record, the absence of a dishonest or selfish motive, his

character and reputation, and the absence of any evidence of harm to his clients weighed in favor of a fully stayed one-year suspension.

{¶ 14} Having reviewed the record, weighed the aggravating and mitigating factors, and considered the sanctions imposed for comparable conduct, we agree that Lape's conduct falls somewhere between that of Zaffiro and that of Simon. Therefore, we conclude that a six-month suspension, fully stayed on the conditions recommended by the board, is the appropriate sanction for Lape's misconduct.

{¶ 15} Accordingly, Lynn Ann Lape is suspended from the practice of law in the state of Ohio for six months, all stayed on the conditions that during her stayed suspension, she complete at least six hours of CLE in law-office management, in addition to the CLE requirements set forth in Gov.Bar R. X, and commit no further misconduct. If Lape fails to comply with the condition of the stay, the stay will be lifted, and she will serve the full six-month suspension. Costs are taxed to Lape.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Carol A. Costa, Assistant Disciplinary Counsel, for relator.

Lynn Ann Lape, pro se.

_____