COLUMBUS BAR ASSOCIATION *v.* SQUEO.

[Cite as *Columbus Bar Assn. v. Squeo*, 133 Ohio St.3d 536, 2012-Ohio-5004.]

*Attorney misconduct—Dishonesty, fraud, deceit, or misrepresentation—Conduct prejudicial to the administration of justice—Indefinite suspension.*

(No. 2012-0697—Submitted June 6, 2012—Decided October 31, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 11-038.

_____

**Per Curiam**.

**{¶ 1}** Respondent, Mark Joseph Squeo of Galloway, Ohio, Attorney Registration No. 0041259,[1] was admitted to the practice of law in Ohio in 1989. On December 5, 2003, we suspended Squeo's license for his failure to comply with the applicable continuing legal education ("CLE") requirements for the 2001-2002 reporting period. *In re Continuing Legal Edn. Suspension of Squeo*, 100 Ohio St.3d 1516, 2003-Ohio-6494, 800 N.E.2d 34. And on December 2, 2005, we suspended Squeo from the practice of law for his failure to register as an attorney for the 2005 to 2007 biennium. *In re Attorney Registration Suspension of Squeo*, 107 Ohio St.3d 1431, 2005-Ohio-6408, 838 N.E.2d 671. Both suspensions remain in effect.

**{¶ 2}** On April 11, 2011, relator, Columbus Bar Association, filed an amended complaint[2] alleging that while Squeo's license was under suspension, he engaged in the unauthorized practice of law by holding himself out as an

_____

1. The complaint erroneously identifies respondent as "Marco Joseph Squeo," but accurately states the attorney-registration number assigned to Mark Joseph Squeo.

2. The original complaint is not in the record, but according to testimony by bar counsel, the first amended complaint was identical to the original complaint, except that it corrected or clarified two dates in the original complaint.

attorney.[3] Relator further alleged that Squeo had failed to cooperate in the resulting disciplinary investigation.

{¶ 3} Although Squeo filed a belated answer to relator's initial complaint on October 27, 2011, he did not answer relator's January 9, 2012 second amended complaint, which broke Squeo's alleged misconduct down into two separate counts and identified additional examples of his alleged failure to cooperate in relator's investigation. He also failed to appear at the March 5, 2012 panel hearing.

{¶ 4} The panel issued a report making findings of fact and concluding that Squeo had committed the charged misconduct. Citing the numerous aggravating factors present in this case and the sanctions we have imposed for comparable conduct, the panel recommended that Squeo be indefinitely suspended from the practice of law. The board adopted the panel's findings of fact, conclusions of law, and recommended sanction.

{¶ 5} Like the board, we find that Squeo engaged in dishonesty, fraud, deceit, or misrepresentation and in conduct that is prejudicial to the administration of justice by holding himself out as an attorney while his license was under suspension and by failing to cooperate in the ensuing disciplinary investigation. We also agree that an indefinite suspension is the proper sanction for his misconduct.

**Misconduct**

Count One: Squeo Held Himself Out as an Attorney

While His License Was Under Suspension

{¶ 6} At the panel hearing, Kimberly Patrick testified that in early 2009, she and her husband were driving in their vehicle when it was struck by another

---

3. Relator charged Squeo with misconduct pursuant to applicable rules for acts occurring before and after February 1, 2007, the effective date of the Rules of Professional Conduct, which superseded the Code of Professional Responsibility.

vehicle. At the scene of the accident, the passenger of the other vehicle identified himself as Marco Squeo and stated that the minor who was driving was his son. Squeo advised the Patricks that he was insured, but asked them not to call the police, stating that he preferred to pay for their damages himself. To bolster his credibility, he advised them that he was a lawyer and handed them a business card for Squeo Companies, L.L.C., with a Galloway, Ohio address, bearing the name Marco J. Squeo, Esq., and identifying him as an attorney at law. On the back of the card, he wrote the make and model of his car, the license-plate number, and "State Farm," followed by a policy number.

{¶ 7} Squeo did not respond to the Patricks' numerous attempts to reach him following the accident. The Patricks discovered, however, that Squeo did not have insurance through State Farm and that the insurance information that Squeo had given them at the scene of the accident was not his but instead was his ex-wife's. Kimberly Patrick testified that State Farm told her that the minor who had been driving Squeo's vehicle was not his son, as he had claimed, but was actually his nephew. The Patricks eventually reported the accident to the local police department and their own insurance company, and their insurer paid their claim and sought restitution from Squeo.

{¶ 8} Based upon Squeo's conduct in the Patrick matter, the board determined that he had violated Prof.Cond.R. 5.5 (prohibiting a lawyer who is not admitted to practice in this jurisdiction from representing that he is admitted to practice in this jurisdiction), 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

{¶ 9} In addition, based upon three documents executed and filed with the Franklin County recorder in January and February 2004, all of which bear the notation "This instrument was prepared by MARK J. SQUEO, ATTORNEY AT

LAW" (capitalization sic), the panel and board determined that Squeo had engaged in the practice of law while his license was under suspension. The first of those documents is a special power of attorney appointing Squeo as attorney-in-fact to purchase certain real property on behalf of Kim W. Jackson and Janette P. Jackson, who executed the document on January 21, 2004. That document was filed with the Franklin County recorder on February 5, 2004. The second document is a special power of attorney appointing Squeo to convey certain real property on behalf of Collis H. Davis and Violeta P. Hughes. Davis and Hughes executed the document on January 7, 2004, and the document was filed with the Franklin County recorder on January 22, 2004. The third document is a survivorship deed executed by Mark J. Squeo for Collis H. Davis and Violeta P. Hughes on January 15, 2004, to transfer certain real property on their behalf. That document was filed with the Franklin County recorder on January 22, 2004.[4]

{¶ 10} Based upon these documents, the board found that Squeo had violated DR 3-101(B) (prohibiting a lawyer from practicing law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction), 1-102(A)(4) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 1-102(A)(6) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

{¶ 11} We adopt these findings of fact and misconduct.

---

4. The board also found that the webpage of HER Real Living realtors Jim and Tara Thomas identified Squeo as the closing attorney for their real estate firm and that in a letter to an insurance-claims representative dated July 13, 2009, Squeo purported to represent clients regarding an insurance claim. The documents that they cite to support these findings, however, are not in evidence, because relator withdrew them at the panel hearing. We therefore reject these findings of fact.

Count Two:  Squeo Failed to Cooperate in the

Resulting Disciplinary Investigation

{¶ 12} Bar counsel, Bruce Campbell, testified that relator sent numerous letters to Squeo at the addresses that he had registered with the Office of Attorney Services and to the Galloway address on the business card that Squeo had given to the Patricks on the day of the accident, but that a number of them were returned marked unclaimed.  In January 2010, relator sent a notice of deposition to Squeo by certified and regular mail.  Although someone at the Galloway address signed for the certified letter, Squeo failed to appear for his deposition.

{¶ 13} When attempts to serve relator's complaint on Squeo by certified mail failed, the Board of Commissioners on Grievances and Discipline served the complaint on the clerk of the Supreme Court pursuant to Gov.Bar R. V(11)(B).

{¶ 14} Because Squeo failed to timely file an answer, relator prepared a default motion, but Campbell wanted to talk to Squeo before filing it.  He went to Squeo's registered address, where he spoke with some neighbors and discovered that Squeo had not lived at that address in several years.  He then went to the Galloway address and found Squeo in the yard.  Squeo acknowledged that he had received some mailings from relator, but stated that he had not bothered to open them, because he was not practicing law and thus did not feel that he had any responsibility to the bar association.  Following that meeting, Squeo filed an answer to the original complaint.  But he did not appear for a scheduled deposition, despite the fact that a subpoena was served on someone at the Galloway address.

{¶ 15} Squeo was served with relator's second amended complaint by regular mail,[5] but he did not answer it.  Squeo did not participate in a telephone

---

5. The board found that Squeo was served with the second amended complaint by certified mail, but the record demonstrates that the certified-mail service attempted by both relator and the board failed.  The certificate of service attached to the second amended complaint, however, states that

prehearing conference on February 3, 2012, even though the panel chair had continued the conference for Squeo's convenience. And although Squeo received notice of the time and place of the evidentiary hearing, he did not appear.

{¶ 16} The board found, and we agree, that this conduct violated Prof.Cond.R. 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation), 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice), and 8.4(h).

**Sanction**

{¶ 17} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 18} The board found that seven of the nine aggravating factors set forth in BCGD Proc.Reg. 10(B)(1) are present: (1) a prior disciplinary record, (2) a selfish or dishonest motive, (3) a pattern of misconduct, (4) multiple offenses, (5) failure to cooperate in the disciplinary process, (6) vulnerability of and resulting harm to victims of the misconduct, and (7) failure to make restitution. BCGD Proc.Reg. 10(B)(1)(a), (b), (c), (d), (e), (h), and (i). The board found no mitigating factors. *See* BCGD Proc.Reg. 10(B)(2). We agree with these findings.

relator mailed the document to Squeo by certified *and* regular mail on January 9, 2012. Gov.Bar R. V(11)(D) requires only that the party affected by an amendment to a complaint be given a reasonable opportunity to meet any new matter presented. And Civ.R. 5(B) provides that service of pleadings and other papers subsequent to the original complaint may be accomplished by mail to the last known address of the person to be served and provides that service by mail is complete upon mailing. Therefore, we find that Squeo was served with the second amended complaint, but not by certified mail.

**{¶ 19}** Relator requests and the board recommends that Squeo be indefinitely suspended from the practice of law. In support of this sanction, they note our holding that neglect of legal matters coupled with a failure to cooperate in the ensuing disciplinary investigation generally warrants an indefinite suspension. *See, e.g., Cleveland Metro. Bar Assn. v. Kaplan*, 124 Ohio St.3d 278, 2010-Ohio-167, 921 N.E.2d 645, ¶ 15.

**{¶ 20}** Although Squeo has not been found to have neglected client matters, he held himself out as an attorney while his license to practice law was suspended, gave the Patricks false insurance information, and falsely stated his intention to personally pay for the damage to their vehicle, all to convince them that they should not report the auto accident to the police. Moreover, he failed to cooperate in the resulting disciplinary investigation. His actions were prejudicial to the administration of justice and adversely reflect on his fitness to practice law. As the panel and board found, on the evidence before us, "we can only conclude that his conduct demonstrates dishonesty, perversity, and recalcitrance."

**{¶ 21}** We have imposed an indefinite suspension for comparable misconduct in the past. *See, e.g.*, *Disciplinary Counsel v. Mitchell*, 124 Ohio St.3d 266, 2010-Ohio-135, 921 N.E.2d 634 (imposing an indefinite suspension on an attorney who attempted to deceive a juvenile court magistrate as to his identity and the status of his license to practice law while under an attorney-registration suspension), and *Disciplinary Counsel v. Freeman*, 126 Ohio St.3d 389, 2010-Ohio-3824, 934 N.E.2d 328, ¶ 14 (recognizing that we have routinely imposed indefinite suspensions on attorneys who continued to practice law after we have suspended their licenses for CLE and registration violations). Therefore, we hold that an indefinite suspension is the appropriate sanction for Squeo's misconduct.

**{¶ 22}** Accordingly, Mark Joseph Squeo is indefinitely suspended from the practice of law in Ohio. Costs are taxed to Squeo.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

————————————

Yvonne L. Twiss; Bruce A. Campbell, Bar Counsel, and A. Alysha Clous, Assistant Bar Counsel; Mazanec, Raskin, Ryder & Keller Co., L.P.A., and Michael S. Loughry; and Mary Lynn Readey, for relator.

————————————