**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Cleveland Metro. Bar Assn. v. Brooks***, Slip Opinion No. 2022-Ohio-3712.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-3712

CLEVELAND METROPOLITAN BAR ASSOCIATION *v.* BROOKS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Cleveland Metro. Bar Assn. v. Brooks*, Slip Opinion No. 2022-Ohio-3712.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct—Indefinite suspension.*

(No. 2022-0714—Submitted August 2, 2022—Decided October 20, 2022.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2021-019.

———————————

**Per Curiam.**

**{¶ 1}** Respondent, Robert Chester Brooks II, of Cleveland, Ohio, Attorney Registration No. 0040881, was admitted to the practice of law in Ohio in 1988. On November 1, 2019, we suspended Brooks's license for failing to register as an attorney for the 2019/2020 biennium. *In re Attorney Registration of Brooks*, 157 Ohio St.3d 1472, 2019-Ohio-4529, 134 N.E.3d 183. On October 14, 2020, we

suspended his license again for failing to comply with the continuing-legal-education ("CLE") requirements of Gov.Bar R. X. 160 Ohio St.3d 1424, 2020-Ohio-4908, 155 N.E.3d 918. Those suspensions remain in effect.

{¶ 2} In July 2021, relator, Cleveland Metropolitan Bar Association, charged Brooks with violating the Rules of Professional Conduct for, among other things, continuing to practice law after his attorney-registration and CLE suspensions had been imposed. Brooks stipulated to the charged misconduct, but the parties could not agree on a recommended sanction. After a hearing, the Board of Professional Conduct issued a report finding that Brooks had engaged in the stipulated misconduct and recommending that we indefinitely suspend him and impose a condition on his potential reinstatement to the practice of law. Neither party has objected to the board's report.

{¶ 3} Based on our independent review of the record, we adopt the board's findings of misconduct and its recommended sanction.

**Misconduct**

{¶ 4} When we imposed Brooks's attorney-registration suspension in November 2019, we ordered that he "immediately cease and desist from the practice of law in any form" and we expressly prohibited him from "appear[ing] on behalf of another before any court [or] judge." 157 Ohio St.3d 1472, 2019-Ohio-4529, 134 N.E.3d 183. Although Brooks received notice of the suspension in December 2019, he continued to practice law. In February 2020, he represented a client in a contempt hearing in the Garfield Heights Municipal Court. In July 2020, he appeared as counsel at a hearing in the Cuyahoga County Court of Common Pleas. In August 2020, he filed a motion in a different case pending in the Cuyahoga County Court of Common Pleas, and in the same case he attempted to appear at a September 2020 hearing, although the judge prohibited Brooks from participating after learning of his suspension. Brooks told the judge that he had

already sent in his registration fees and fine, but he had not done so. Brooks failed to notify the other courts that his license was suspended.

{¶ 5} As noted above, on October 14, 2020, we imposed Brooks's CLE suspension. A few days later, relator notified Brooks that it had received a grievance alleging that he had been practicing law while under suspension. Brooks responded to the grievance in November 2020. Despite his knowledge of both suspensions and relator's investigation, Brooks continued to practice law. In November 2020 through March 2021, he appeared on behalf of a client at four hearings in the Cuyahoga County Juvenile Court. Brooks failed to notify that court of his suspension before any of those hearings. In February 2021, he filed a notice of appearance and a request for discovery in the Garfield Heights Municipal Court, although the following month, he moved to withdraw and advised the court of his suspension.

{¶ 6} Relator notified Brooks that it had received two more grievances against him and requested that he respond to each. Brooks, however, failed to do so. In May 2021, Brooks spoke on the telephone with relator's counsel, who asked Brooks to provide him with a list of all matters in which Brooks had appeared as counsel while under suspension. Brooks failed to provide the list. In July 2021, relator filed its disciplinary complaint, and Brooks waived his right to a determination of probable cause. Despite Brooks's awareness of the complaint, he continued to represent a client in a matter pending in the Cuyahoga County Court of Common Pleas until December 2021, a little over a month before his disciplinary hearing.

{¶ 7} The board concluded that Brooks "showed little regard for the multiple grievances submitted against him, Relator's investigation, or the pending complaint." The board noted that after relator repeatedly requested information about the extent to which Brooks had continued representing clients while

suspended, Brooks either failed to provide the information or submitted information that was incomplete or inaccurate.

{¶ 8} Based on this conduct, the parties stipulated and the board found that Brooks committed five violations of Prof.Cond.R. 3.4(c) (prohibiting a lawyer from knowingly disobeying an obligation under the rules of a tribunal), five violations of Prof.Cond.R. 5.5(a) (prohibiting a lawyer from practicing law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction), five violations of Prof.Cond.R. 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and one violation each of Prof.Cond.R. 8.1(b) and Gov.Bar R. V(9)(G) (both requiring a lawyer to cooperate with a disciplinary investigation). In addition, Brooks admitted that before his suspensions, he had not maintained professional-liability insurance and had failed to notify his clients in writing that he did not carry such insurance. The parties therefore stipulated and the board found that he had also violated Prof.Cond.R. 1.4(c) (requiring a lawyer to inform a client if the lawyer does not maintain professional-liability insurance and to obtain a signed acknowledgment of that notice from the client).

{¶ 9} We adopt the board's findings of misconduct.

### Sanction

{¶ 10} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the attorney violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 11} As for aggravating factors, the parties stipulated and the board found that Brooks had engaged in a pattern of misconduct, committed multiple offenses, failed to cooperate in the disciplinary investigation, and engaged in deceptive practices during the disciplinary process. *See* Gov.Bar R. V(13)(B)(3) through (6). The board emphasized that Brooks had "failed to display true candor" during

4

relator's investigation and "never completely disclosed the number of matters that he appeared in while under suspension."

{¶ 12} As for mitigation, the board noted that Brooks had submitted evidence of good character and reputation and that prior to his suspensions, his law practice had served an underrepresented segment of the community. *See* Gov.Bar R. V(13)(C)(5). But those factors, the board noted, did not outweigh the fact that he had continued practicing law despite "full knowledge of this disciplinary proceeding." Brooks also testified that he had a mental disorder, that he had communicated with the Ohio Lawyers Assistance Program ("OLAP"), and that he would benefit from treatment. The board concluded, however, that Brooks had not provided the necessary evidence to substantiate his belief that he suffered from a mental disorder. Brooks therefore failed to establish that he had a disorder that qualifies as a mitigating factor under Gov.Bar R. V(13)(C)(7).

{¶ 13} To determine the appropriate sanction, the board reviewed a number of cases involving attorneys who continued practicing law while under a CLE or attorney-registration suspension and who either failed to cooperate in the ensuing disciplinary investigation or engaged in deceitful conduct. *See, e.g.*, *Disciplinary Counsel v. Higgins*, 117 Ohio St.3d 473, 2008-Ohio-1509, 884 N.E.2d 1070 (indefinitely suspending an attorney for representing a client in a divorce and child-custody case while under a CLE suspension and for failing to cooperate in the disciplinary investigation); *Toledo Bar Assn. v. Crandall*, 98 Ohio St.3d 444, 2003-Ohio-1637, 786 N.E.2d 872 (indefinitely suspending an attorney for continuing to represent clients in two separate matters while under a CLE suspension and failing to cooperate in the disciplinary investigation); *Disciplinary Counsel v. Squeo*, 133 Ohio St.3d 536, 2012-Ohio-5004, 979 N.E.2d 321 (indefinitely suspending an attorney who held himself out as an attorney while under CLE and attorney-registration suspensions, engaged in dishonest conduct, and failed to cooperate in the disciplinary investigation); *Disciplinary Counsel v. Mitchell*, 124 Ohio St.3d

266, 2010-Ohio-135, 921 N.E.2d 634 (indefinitely suspending an attorney for attempting to represent a minor in juvenile court while under an attorney-registration suspension and providing false information to the court about his identity and the status of his law license).

{¶ 14} Considering that Brooks continued practicing law—and therefore continued to mislead courts—up until almost a month before his disciplinary hearing, the board concluded that he had showed "a sheer unwillingness to cooperate in the disciplinary process." Therefore, the board concluded that an indefinite suspension was necessary to protect the public "due to [Brooks's] continued course of conduct to completely disregard his suspension and the disciplinary process." Additionally, the board agreed with Brooks's own assessment that he may benefit from counseling and/or other mental-health treatment and therefore recommended that as a condition of his reinstatement to the practice of law, we require him to provide proof that he has undergone an OLAP evaluation and complied with any treatment recommendations.

{¶ 15} Having considered Brooks's misconduct, the relevant aggravating and mitigating factors, and our applicable precedent, we agree with the board's recommended sanction. "We have routinely imposed indefinite suspensions on attorneys who have continued to practice law while under suspension for CLE and registration violations and who have then failed to respond to the ensuing disciplinary investigation." *Disciplinary Counsel v. Eisler*, 143 Ohio St.3d 51, 2015-Ohio-967, 34 N.E.3d 99, ¶ 17. In light of our precedent, an indefinite suspension is the appropriate sanction in this case.

## Conclusion

{¶ 16} Robert Chester Brooks II is hereby indefinitely suspended from the practice of law in Ohio. In addition to the requirements of Gov.Bar R. V(25), Brooks's reinstatement shall be conditioned on submission of proof that he has

undergone an OLAP evaluation and complied with any resulting recommendations for counseling and/or other mental-health treatment.  Costs are taxed to Brooks.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Christopher Joseph Klasa, Bar Counsel, and Stephanie R. Anderson, Deputy Bar Counsel, for relator.

Robert Chester Brooks II, pro se.

_____