CUYAHOGA COUNTY BAR ASSOCIATION *v*. JOHNSON.

[Cite as *Cuyahoga Cty. Bar Assn. v. Johnson,*

123 Ohio St.3d 65, 2009-Ohio-4178.]

*Attorney misconduct — Failure to respond to court filings and appear in court on client's behalf — Failure to notify client of lack of professional-liability insurance — Public reprimand.*

(No. 2009-0401 — Submitted April 8, 2009 — Decided August 26, 2009.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 07-030.

————————————————

**Per Curiam**.

{¶ 1} Respondent, Rita R. Johnson of Cleveland, Ohio, Attorney Registration No. 0065959, was admitted to the practice of law in Ohio in 1996.

{¶ 2} The Board of Commissioners on Grievances and Discipline recommends that we publicly reprimand respondent, based on findings that she committed professional misconduct by failing to respond to court filings and appear in court on a client's behalf and failing to advise that client that she lacked professional-liability insurance. We accept the board's findings that respondent breached ethical duties incumbent on Ohio lawyers, and because of the mitigating circumstances surrounding her misconduct, we also accept the recommendation for a public reprimand.

{¶ 3} Relator, Cuyahoga County Bar Association, charged respondent with violating the Disciplinary Rules of the former Code of Professional Responsibility in a four-count complaint. A panel of board members heard the case, found the requisite clear and convincing evidence in support of the allegations contained in Counts I, II, and IV, and recommended the public

reprimand. The board adopted the panel's findings of misconduct and recommendation.

{¶ 4} The parties do not object to the board's report.

## Misconduct

### *Counts I and II*

{¶ 5} At the time of the events underlying the complaint, respondent had been in practice for about nine years, mostly in criminal law. But in April 2005, she agreed to help an elderly client pursue a civil claim for lost or damaged property against Able One Moving Company ("Able One"), with whom the client had stored her household items. Respondent filed the complaint in June 2005 in the Cuyahoga County Court of Common Pleas. In September 2005, Able One filed a counterclaim for $4,000 in unpaid storage fees.

{¶ 6} Respondent replied to the counterclaim but thereafter did not attempt to obtain her client's responses to Able One's interrogatories, requests for production of documents, and requests for admissions. She failed to respond when Able One moved for summary judgment and also failed to appear at a May 2006 final pretrial. The common pleas court granted summary judgment for Able One on the day of the pretrial and awarded the company $4,000.

{¶ 7} At the panel hearing, respondent testified that she had not received notice of the order granting summary judgment and had found out about the judgment from her client. Respondent had afterward started to draft a motion to vacate the judgment but did not finish before going on maternity leave from mid-July through August 2006. In late September 2006, she received notice that her client had filed a grievance with relator, and as a result, respondent hesitated to file the motion without the client's express consent. Respondent wrote to the client in early October 2006, asking whether she should file the completed motion to vacate. The client did not reply, and respondent never filed the motion.

**{¶ 8}** As to Counts I and II, the parties stipulated that respondent's representation of this client violated DR 1-102(A)(5) (prohibiting a lawyer from engaging in conduct prejudicial to the administration of justice), 6-101(A)(2) (prohibiting a lawyer from handling a legal matter without preparation adequate under the circumstances), 6-101(A)(3) (prohibiting a lawyer from neglecting an entrusted legal matter), 7-101(A)(1) (prohibiting a lawyer from intentionally failing to seek a client's lawful objectives), and 7-101(A)(2) (prohibiting a lawyer from intentionally failing to carry out a contract of employment). The board thus found clear and convincing evidence of this misconduct. We accept those findings.

*Count IV*

**{¶ 9}** The parties also stipulated that while representing the client identified in Counts I and II, respondent violated DR 1-104(A) and (B) (requiring a lawyer to advise clients if the lawyer does not carry malpractice insurance in the specified amount and obtain the clients' written acknowledgement of that warning). Respondent admitted that she did not have malpractice insurance at the time of the representation and failed to tell her client. The panel and board thus found clear and convincing evidence of this misconduct. We accept those findings.

**Sanction**

**{¶ 10}** In recommending a sanction for this misconduct, the board weighed the mitigating and aggravating factors of respondent's case and reviewed sanctions imposed in similar cases.

**{¶ 11}** In mitigation, the board found that respondent has no prior disciplinary record, candidly cooperated during the disciplinary proceedings, admitted and apologized for her ethical breaches, and expressed deep remorse for the consequences to her client. Finding no evidence of a selfish motive, the board determined that respondent's inaction and neglect resulted from a combination of

poor scheduling practices and competing personal and professional demands. Without attempting to excuse the misconduct, respondent testified that her mother had moved out during 2006, leaving respondent to care by herself for two children under two years old — her own infant and a foster child. Respondent acknowledged that the commitment to her family had compromised her law practice at a time when she was defending clients in separate capital murder, homicide, and rape trials and her secretary had resigned. To alleviate the tension between her personal and professional commitments, respondent closed her practice and by the time of the panel hearing was employed as the clerk of a municipal court.

{¶ 12} As a single aggravating factor, the board noted that respondent had neglected a series of responsibilities toward her client. Respondent had not made restitution, but the board did not weigh that against her. The board instead attributed the $4,000 judgment against the client in large part to the client's reliance on independent advice from legal aid to stop paying Able One storage fees.

{¶ 13} After reviewing the sanctions imposed in similar cases, the board adopted the panel's reasoning for deciding on a public reprimand:

{¶ 14} "In weighing the aggravating and mitigating factors in this case, the Panel is of the opinion that this case is analogous to those cases where the sanction was a public reprimand. Given the evidence in [her] case, the fact that it involves a single client and considering the strong factors supporting mitigation, the Panel unanimously recommends that Respondent be given a public reprimand and ordered to pay all of the costs of these proceedings."

{¶ 15} We accept the board's recommendation. Respondent is hereby publicly reprimanded for violating DR 1-102(A)(5), 1-104(A) and (B), 6-101(A)(2) and (3), and 7-101(A)(1) and (2). Costs are taxed to respondent.

Judgment accordingly.

PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

MOYER, C.J., and O'CONNOR, J., dissent.

_____

**MOYER, C.J., dissenting.**

{¶ 16} I respectfully dissent from the majority decision in regard to the sanction imposed on respondent. In the course of representing an elderly client, respondent failed to inform the client of her lack of malpractice insurance, did not keep her client fully informed about the case, repeatedly failed to take proper steps to advance her client's interests, and ignored important deadlines, which caused the client to suffer an adverse judgment.

{¶ 17} The fact that respondent had a busy professional workload and various issues in her personal life during this same time is entitled to miniscule weight in mitigation, and it does not excuse her failure to provide professional services. If she was unable to effectively represent her client, she should have informed the client of that fact and sought to withdraw from the case. Instead, she ignored the problem until it was too late; such inattentiveness is not acceptable.

{¶ 18} Accordingly, I would impose a stronger sanction than the public reprimand issued by the majority. Respondent's actions warrant a stayed six-month suspension from the practice of law. See, e.g., *Cleveland Bar Assn. v. Ramos*, 119 Ohio St.3d 36, 2008-Ohio-3235, 891 N.E.2d 730.

O'CONNOR, J., concurs in the foregoing opinion.

_____

Ellen S. Mandell, Bar Counsel, and Susan M. Weaver, for relator.

Rita R. Johnson, pro se.

_____