LORAIN COUNTY BAR ASSOCIATION *v.* GODLES.

[Cite as *Lorain Cty. Bar Assn. v. Godles*, 128 Ohio St.3d 279, 2010-Ohio-6274.]

*Attorneys at law — Misconduct — Failure to communicate with client and notify him of failure to maintain liability insurance — Public reprimand.*

(No. 2010-1139 — Submitted September 15, 2010 — Decided December 27, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 09-073.

_____

**Per Curiam**.

**{¶ 1}** Respondent, Michael J. Godles of Elyria, Ohio, Attorney Registration No. 0042398, was admitted to the practice of law in Ohio in 1989.

**{¶ 2}** Relator, the Lorain County Bar Association, filed a complaint against respondent for his conduct in representing a client in a personal-injury case and for not informing his client about his lack of professional-liability insurance.

**{¶ 3}** A panel of the Board of Commissioners on Grievances and Discipline heard the case, issued findings of fact and conclusions of law, and found that respondent had violated Prof.Cond.R. 1.4(a)(1) (requiring a lawyer to inform the client of any decision or circumstance for which the client's informed consent is required), 1.4(a)(2) (requiring a lawyer to reasonably consult with the client about the means by which the client's objectives are to be accomplished), 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with the client's reasonable requests for information), and 1.4(a)(5) (requiring a lawyer to consult with the client about any relevant limitation on the lawyer's

conduct when the lawyer knows that the client expects assistance not permitted), 1.4(b) (requiring a lawyer to explain matters to the extent reasonably necessary to permit the client to make informed decisions regarding the representation), and 1.4(c) (requiring a lawyer to inform the client at the time of the engagement or at any time subsequent to the engagement if the lawyer does not maintain professional-liability insurance) and DR 1-104(A) (requiring a lawyer to disclose to the client that the lawyer lacks professional-liability insurance).[1] The panel recommended that respondent be suspended from the practice of law in Ohio for six months with all six months stayed. The board adopted the panel's findings and conclusions, except that it recommended reducing the sanction to a public reprimand. No objections were filed to the board's report.

{¶ 4} We adopt the findings and conclusions of the board, and we publicly reprimand Michael J. Godles for his misconduct in this matter.

**Facts**

{¶ 5} In August 2006, a client hired respondent to represent him in regard to a personal-injury claim arising out of an accident that had occurred in 2004. At the time respondent was hired, only five days remained on the statute of limitations for the client's claim, so respondent quickly filed a lawsuit in the Ashland County Court of Common Pleas. He communicated with the opposing counsel regarding a settlement before filing the suit, but the two sides were far apart on a settlement value.

{¶ 6} In September, opposing counsel filed an answer, interrogatories, and a request for documents. Respondent did not file a response to the discovery request, because he knew that the client was still receiving medical treatment and that he would eventually be filing a motion for a voluntary dismissal without

---

1. On February 1, 2007, the Rules of Professional Conduct became effective, replacing the Code of Professional Responsibility in Ohio. Respondent's conduct before February 1, 2007, is governed by the Code of Professional Responsibility, and conduct after that date is governed by the Rules of Professional Conduct.

prejudice. The following February, opposing counsel filed a motion to compel a response to the discovery requests. The court ordered respondent to respond to the discovery request by May 2007, but respondent voluntarily dismissed the case at the end of April. The voluntary dismissal gave the client one year to refile the case.

{¶ 7} Respondent testified that he called the client in January 2008 to inform him that respondent was going to discontinue his representation of the client. He testified that he explained how long the client had to refile the case. He then sent a letter to the client in February to confirm. The client testified that this conversation never occurred and that he never received the letter.

{¶ 8} Neither respondent nor the client refiled the case before the time to do so expired in May 2008. The client tried calling respondent several times starting in July 2008, but respondent did not respond until October. During the October discussion, the client stated that he was totally unaware of what was happening with his case and had not known that the case had been dismissed. Respondent said that he had explained everything to the client in previous discussions. Within a week of that October conversation, the client hired a new attorney to handle his case.

{¶ 9} Respondent had met the client in person only at their initial meeting. Except for the letter terminating representation, he did not have any written correspondence with the client. All conversations happened over the telephone. Respondent did not send the client copies of the answer, the discovery request, the motion to compel, or the dismissal order. Respondent never requested or obtained the client's medical records.

{¶ 10} The parties stipulated that at all times relevant to the proceedings, respondent failed to maintain professional-liability insurance. The parties also stipulated that respondent failed to advise the client that respondent did not maintain professional-liability insurance.

**Conclusions of Law**

{¶ 11} Relator charged respondent with violating Prof.Cond.R. 1.2(a) (requiring a lawyer to abide by the client's decisions concerning the objectives of representation and to consult with the client as to means by which they are to be pursued), 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a), 1.4(b), and 1.16(d) (requiring a lawyer withdrawing from representation to take steps reasonably practicable to protect a client's interest).

{¶ 12} The panel and board found that respondent had violated Prof.Cond.R. 1.4(a)(1) through (5) and 1.4(b). It is unclear how many times respondent and the client communicated and what respondent communicated to the client. The panel found that neither respondent nor the client was completely credible in their conflicting testimony. What is clear is that respondent did very little work on the case and failed to fully communicate with the client regarding how the case was being managed and the status of the case. Therefore, we agree with the panel and board that respondent violated Prof.Cond.R. 1.4(a)(1) through (5) and 1.4(b).

{¶ 13} The panel and board recommended dismissing the alleged violations of Prof.Cond.R. 1.2(a), 1.3, and 1.16(d) because those violations were not proven by clear and convincing evidence. We agree and dismiss those charges.

{¶ 14} The panel and board also found violations of DR 1-104(A) and Prof.Cond.R. 1.4(c). The parties stipulated to respondent's lack of professional-liability insurance and his failure to advise the client of that fact. Therefore, we also find a violation of DR 1-104(A) and Prof.Cond.R. 1.4(c).

**Sanction**

{¶ 15} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio

St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). *Disciplinary Counsel v. Broeren*, 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21. Because each disciplinary case is unique, we are not limited to the factors specified in the rule but may take into account "all relevant factors" in determining what sanction to impose. BCGD Proc.Reg. 10(A) and (B).

{¶ 16} As mitigating factors, the panel and board found that respondent has no prior disciplinary record, that he did not act with a dishonest or selfish motive, and that respondent has had other penalties imposed because a malpractice action is pending against him. BCGD Proc. Reg. 10(B)(2) (a), (b), and (f). The mere fact that a malpractice suit was pending should not have been considered as a mitigating factor, as the suit itself is not a penalty. Respondent has since submitted a notice of restitution, but we do not accept this as a mitigating factor either, because he settled the case with no admission of malpractice, which means that respondent did not admit the misconduct and is not technically being penalized for it. *See Disciplinary Counsel v. McCord*, 121 Ohio St.3d 497, 2009-Ohio-1517, 905 N.E.2d 1182, ¶ 47-48 (giving no consideration for a separate suspension from the practice of law for the same conduct because respondent received legal fees during that suspension and did not appear to learn anything from the suspension).

{¶ 17} As an aggravating factor, the panel and board found that the client was vulnerable due to his lack of sophistication regarding legal matters. BCGD Proc.Reg. 10(B)(1)(h). The panel further found that the client lost the opportunity to pursue damages for his injury.

**{¶ 18}** The panel recommended a six-month suspension from the practice of law in Ohio, with all six months stayed.  The board recommended a public reprimand.  Considering respondent's long career with no previous disciplinary action, we agree with the board.  See *Cuyahoga Cty Bar Assn. v. Johnson*, 123 Ohio St.3d 65, 2009-Ohio-4178, 914 N.E.2d 180 (public reprimand for an attorney who, in an isolated instance, failed to notify a client of her lack of malpractice insurance and neglected a legal matter entrusted to her).  Respondent is hereby publicly reprimanded for violating Prof.Cond.R. 1.4(a)(1) through (5), 1.4(b), and 1.4(c) and DR 1-104(A).  Costs are taxed to respondent.

Judgment accordingly.

BROWN, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Wickens, Herzer, Panza, Cook & Batista Co., and Daniel A. Cook, for relator.

Michael J. Godles, pro se.

_____