[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Lorain Cty. Bar Assn. v. Nelson,* **Slip Opinion No. 2015-Ohio-4337.**]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-4337

LORAIN COUNTY BAR ASSOCIATION *v.* NELSON.

[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Lorain Cty. Bar Assn. v. Nelson,* **Slip Opinion No. 2015-Ohio-4337.**]

*Attorneys—Misconduct—Multiple violations in representation of single client, including neglect of client matter and failure to communicate—Public reprimand.*

(No. 2015-0301—Submitted April 14, 2015—Decided October 22, 2015.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2014-003.

_____

**Per Curiam**.

{¶ 1} Respondent, Kenneth Allen Nelson II of Avon Lake, Ohio, Attorney Registration No. 0075834, was admitted to the practice of law in Ohio in 2003. In February 2014, relator, the Lorain County Bar Association, charged him with violating the Rules of Professional Conduct for allegedly neglecting a single client

matter. Upon review of the parties' stipulations and witness testimony at the panel hearing, the Board of Professional Conduct issued a report finding that Nelson had engaged in the charged misconduct and recommending that we publicly reprimand him. We accept the board's findings of misconduct and agree with the recommended sanction.

**Misconduct**

**{¶ 2}** In July 2008, Mary Martinez retained Nelson to pursue a personal-injury claim on her behalf. Although he met with Martinez twice to discuss the claim, Nelson failed to respond to multiple e-mail and telephone messages from Martinez's daughter requesting updates on the matter, and he acknowledged that he had failed to consult with Martinez about the management and status of the case. Indeed, Nelson filed a complaint without notifying Martinez, and during the pendency of the matter, he failed to conduct any discovery or to respond to the defendant's discovery request. Nelson eventually dismissed the lawsuit—again, without Martinez's knowledge or consent—and because he did not timely refile the complaint, she lost the ability to pursue her claims. Additionally, Nelson failed to inform Martinez in writing that during the course of his representation, his malpractice insurance had lapsed, and after their attorney-client relationship ended, he failed to return Martinez's case file, as she had requested.

**{¶ 3}** In March 2013, Martinez, through her daughter, filed a grievance against Nelson. Although Nelson communicated with relator by telephone, he did not timely respond in writing to multiple letters from relator requesting a response to the grievance. However, when he received relator's notice of intent to file a professional-misconduct complaint, he became fully cooperative in the disciplinary process.

**{¶ 4}** Based on this conduct, the board found that Nelson had violated Prof.Cond.R. 1.1 (requiring a lawyer to provide competent representation to a client), 1.3 (requiring a lawyer to act with reasonable diligence in representing a

2

client), 1.4(a)(1) through (4) (requiring a lawyer to promptly inform the client of decisions that require the client's informed consent, to reasonably consult with the client about the means to accomplish the client's objectives, to keep the client reasonably informed about the status of the matter, and to comply as soon as practicable with reasonable requests for information from the client), 1.4(c) (requiring a lawyer to inform the client if the lawyer does not maintain professional liability insurance), 1.16(d) (requiring a lawyer, as part of the termination of representation, to deliver to the client all papers and property to which the client is entitled), and 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation) and former Gov.Bar R. V(4)(G) (now Gov.Bar R. V(9)(G)) (requiring a lawyer to cooperate with a disciplinary investigation). We agree with these findings of misconduct.

### Sanction

**{¶ 5}** When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Gov.Bar R. V(13). However, because each disciplinary case is unique, we are not limited to the factors specified in Gov.Bar R. V(13) and may take into account all relevant factors in determining which sanction to impose.

**{¶ 6}** As aggravating factors, the board found that Nelson initially failed to promptly and adequately cooperate in the disciplinary process and that his client was vulnerable and suffered harm as a result of his conduct. *See* Gov.Bar R. V(13)(B)(5) and (8). In mitigation, the board found that Nelson has no prior discipline; he did not act with a selfish motive; he did not profit, gain, or experience any benefit as a result of the misconduct; the violations did not involve fraud,

dishonesty, or self-dealing; his misconduct adversely affected only one client, and therefore there was no pattern of neglect; and he accepted responsibility for his misconduct. *See* Gov.Bar R. V(13)(C)(1) and (2).

**{¶ 7}** To support its recommended sanction, the board primarily relied upon *Lorain Cty. Bar Assn. v. Godles*, 128 Ohio St.3d 279, 2010-Ohio-6274, 943 N.E.2d 988, and *Disciplinary Counsel v. Boulger*, 88 Ohio St.3d 325, 725 N.E.2d 1112 (2000). Similar to the facts here, both cases involved isolated incidents of neglect or failure to communicate by attorneys who had no prior discipline and lacked a dishonest or selfish motive. In *Godles*, the attorney conducted little work on a personal-injury case, failed to communicate with his client about the management or status of the matter, and failed to advise his client that he lacked malpractice insurance. *Godles* at ¶ 12-14. In *Boulger*, the attorney neglected filings in a personal-injury matter, dismissed the case without informing his client, and failed to respond to relator's letters of inquiry regarding grievances filed by four clients. *Boulger* at 326. We publicly reprimanded the attorney in *Godles*, and we issued a stayed six-month suspension in *Boulger*. As the board in this case noted, the most significant difference between the two cases is that the attorney in *Boulger* also failed to cooperate in the disciplinary investigation.

**{¶ 8}** Here, the board found that Nelson's misconduct fell somewhere between the attorney misconduct in *Godles* and *Boulger*. The board acknowledged that Nelson had initially failed to timely respond to relator's inquiries, but the board also found it compelling that Nelson was ultimately "completely cooperative and forthcoming on all matters." Indeed, the board noted that at the panel hearing, relator had indicated that it would have no serious objection if the panel dismissed the charges relating to Nelson's failure to cooperate. Given these comments, the board concluded that *Godles* was "more instructive" and accordingly recommended a public reprimand.

**{¶ 9}** As we have often explained, this court is the ultimate arbiter of misconduct and sanctions in attorney-discipline cases, although we often accept the board's conclusions "as to the propriety of an attorney's conduct or the appropriate sanction, and to that extent, our decisions reflect deference to [its] expertise." *Disciplinary Counsel v. Kelly*, 121 Ohio St.3d 39, 2009-Ohio-317, 901 N.E.2d 798, ¶ 11. Here, we accept the board's reasoning and therefore agree that a public reprimand is the appropriate sanction in this case.

### Conclusion

**{¶ 10}** Having considered the ethical duties violated, the mitigating and aggravating factors, and the sanctions imposed in comparable cases, we adopt the board's findings of misconduct and recommended sanction. Accordingly, Kenneth Allen Nelson II is publicly reprimanded for the misconduct described herein. Costs are taxed to Nelson.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Cook & Nicol, L.L.C., and D. Chris Cook, for relator.

Kenneth Allen Nelson II, pro se.

_____