**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Cincinnati Bar Assn. v. Bell,* **Slip Opinion No. 2017-Ohio-9088.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-9088

CINCINNATI BAR ASSOCIATION *v.* BELL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Cincinnati Bar Assn. v. Bell,* Slip Opinion No. 2017-Ohio-9088.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct—Public reprimand.*

(No. 2017-0791—Submitted August 29, 2017—Decided December 19, 2017.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2016-056.

_____

**Per Curiam.**

{¶ 1} Respondent, William Douglass Bell Sr., of Cincinnati, Ohio, Attorney Registration No. 0027596, was admitted to the practice of law in Ohio in 1977. In 2016, relator, Cincinnati Bar Association, charged him with violating several professional-conduct rules while representing a landlord in two eviction cases. After a hearing, the Board of Professional Conduct issued a report finding that Bell

engaged in the charged misconduct and recommending that we sanction him with a public reprimand. For the reasons explained below, we accept the board's recommendation and publicly reprimand Bell for his misconduct.

**Misconduct**

{¶ 2} In 2014, Bell represented Levie Smith and his property-management company in the Hamilton County Municipal Court in two eviction cases involving one of Smith's former tenants. Bell's representation of Smith, however, led to a fee dispute between the lawyer and his client, and in the fee-dispute case, the municipal court determined that Bell owed Smith damages for settling the eviction cases without Smith's consent.

{¶ 3} Specifically, the court found that although Bell testified that he thought he had authority from Smith to settle the cases, Smith had not consented to the terms of any settlement agreement. Nevertheless, Bell settled the matters and agreed that $560 of the tenant's escrowed rent would be returned to the tenant and the remaining balance of $2,507 would be paid to Smith. When Bell attempted to deliver the settlement check to Smith, Smith refused to sign it, claiming that his damages exceeded the settlement amount.

{¶ 4} The court found that Bell breached his contract with Smith by settling the cases without Smith's consent and that Bell therefore owed his client $3,067, the full amount of the escrowed rent funds. However, the court also found that Bell was entitled to $1,000 in attorney fees for his work. The court therefore awarded a net judgment to Smith in the amount of $2,067. To resolve all their claims, Bell and Smith later agreed that Smith would simply accept the $2,507 settlement check from the eviction cases as satisfaction of the judgment, which resulted in Bell essentially waiving any attorney fees for the case.

{¶ 5} According to relator, the judge in the fee-dispute case forwarded his judgment entry to relator, which commenced this disciplinary proceeding. After Bell's disciplinary hearing, the board found that Bell had, in fact, obtained an

2

excellent result for Smith and that Smith had not been prejudiced by Bell's conduct. Nonetheless, because Bell admitted that he settled the matters without Smith's consent, the board found that Bell violated Prof.Cond.R. 1.2(a) (requiring a lawyer to abide by the client's decisions concerning the objectives of representation and to consult with the client as to means by which they are to be pursued) and 1.4(a)(1) (requiring a lawyer to inform the client of any decision or circumstance with respect to which the client's informed consent is required).

{¶ 6} Bell also admitted that although he informed Smith that he lacked malpractice insurance, he failed to have Smith sign the written notice required by the professional-conduct rules. Therefore, the board also found that Bell violated Prof.Cond.R. 1.4(c) (requiring a lawyer to inform the client if the lawyer does not maintain professional-liability insurance and obtain a signed acknowledgment of that notice from the client).

{¶ 7} We agree with the board's findings of misconduct.

## Sanction

{¶ 8} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

### *Aggravating and mitigating factors*

{¶ 9} The board did not find any aggravating factors in this case. In mitigation, the board noted that this is Bell's first disciplinary action in a 40-year legal career, he lacked a dishonest or selfish motive, he made a timely and good-faith effort to rectify the consequences of his misconduct, he cooperated in the disciplinary proceedings, and he submitted evidence of good character and reputation. *See* Gov.Bar R. V(13)(C)(1) through (5).

*Applicable precedent*

**{¶ 10}** To support its recommended sanction, the board relied on *Lorain Cty. Bar Assn. v. Godles*, 128 Ohio St.3d 279, 2010-Ohio-6274, 943 N.E.2d 988. In that case, we found that an attorney performed "very little work" on a personal-injury case, *id.* at ¶ 12, failed to fully communicate with his client about the management and status of the matter, and failed to advise the client that he lacked malpractice insurance. In mitigation, the attorney had no prior discipline and lacked a dishonest or selfish motive. As an aggravating factor, the attorney's misconduct harmed the client in that the client lost the opportunity to pursue damages for his injury. Nonetheless, considering the attorney's long legal career with no prior disciplinary actions, we determined that a public reprimand was the appropriate sanction. *Id.* at ¶ 16-18.

**{¶ 11}** Similar to the attorney's actions in *Godles*, Bell's misconduct here appears to be an isolated incident in an otherwise unblemished and lengthy legal career. We therefore agree with the board that a public reprimand is warranted. *See also Cuyahoga Cty. Bar Assn. v. Johnson*, 123 Ohio St.3d 65, 2009-Ohio-4178, 914 N.E.2d 180 (publicly reprimanding an attorney who, in an isolated instance, neglected a client's matter and failed to notify the client that she lacked malpractice insurance).

## Conclusion

**{¶ 12}** For the reasons explained above, William Douglass Bell Sr. is hereby publicly reprimanded for violating Prof.Cond.R. 1.2(a), 1.4(a)(1), and 1.4(c). Costs are taxed to Bell.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

Carrie Dettmer Slye; Nicholas A. Zingarelli; and Edwin W. Patterson III, for relator.

Alvertis W. Bishop Jr., for respondent.

_____