**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Domis,* **Slip Opinion No. 2019-Ohio-955.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-955

DISCIPLINARY COUNSEL *v*. DOMIS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Domis,* Slip Opinion No. 2019-Ohio-955.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct, including failing to provide competent representation to a client and withdrawing from representation in a proceeding without leave of court—Public reprimand.*

(No. 2018-1753—Submitted January 9, 2019—Decided March 21, 2019.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2018-041.

_____

**Per Curiam.**

{¶ 1} Respondent, Christian Brian Domis, of Cincinnati, Ohio, Attorney Registration No. 0069905, was admitted to the practice of law in Ohio in November 1998.

**{¶ 2}** In a formal complaint certified to the Board of Professional Conduct on July 31, 2018, relator, disciplinary counsel, charged Domis with several ethical violations relating to the representation of a single client. A panel of the board considered the cause on the parties' consent-to-discipline agreement. *See* Gov.Bar R. V(16).

**{¶ 3}** In their consent agreement, the parties stipulated that Domis was assigned to represent Joel J. Reissig Jr. by the National Freedom Project ("NFP") a few days before Reissig's arraignment. Reissig had signed an agreement with NFP to provide legal counsel to defend him in a criminal proceeding in Hardin County Common Pleas Court. Reissig paid NFP $3,500, but Domis did not receive any money from either Reissig or NFP for his representation.

**{¶ 4}** On October 18, 2017, the day of Reissig's arraignment, Domis was late to court. When Domis arrived, the judge told him that he could not appear on Reissig's behalf because the Supreme Court of Ohio's website indicated that he was not currently registered as an attorney. The judge continued the arraignment for six days. In the interim, Domis contacted the Supreme Court's Office of Attorney Services and was advised that he owed a $50 late-registration fee for the 2017/2019 biennium, because he had paid his attorney-registration fee after the September 1 deadline established by Gov.Bar R. VI(2). Domis promptly paid the $50 fee before the expiration of the 60-day grace period provided by Gov.Bar R. VI(10)(A) and appeared at Reissig's arraignment. The court scheduled a status conference for December 12, 2017, a pretrial conference for January 4, 2018, and a jury trial to commence on February 8.

**{¶ 5}** Domis did not appear at the December 12, 2017 status conference. Reissig told the court that he had spoken with Domis by telephone on December 11. During that conversation, Domis had informed Reissig that he had moved out of state, would not be appearing at the status conference, and was unable to continue to represent Reissig. However, Domis never notified the court or the prosecutor of

his intention to withdraw from Reissig's case. The court granted a continuance to permit Reissig to retain new counsel, and the court filed a grievance against Domis.

{¶ 6} Relator sent a letter of inquiry by certified mail to Domis on February 9, 2018. In his response, Domis acknowledged that NFP had assigned him to represent Reissig but asserted that he had received no payment for his representation. Although Domis stated that he had informed Reissig and NFP that he had moved to California and would not attend the December 2017 status conference, he confirmed that he had not notified either the prosecutor or the court. He stated that upon learning that there was a problem with the payment of his attorney-registration fee, he took immediate action to rectify the issue. He also acknowledged that he had failed to inform Reissig that he did not carry professional-liability insurance.

{¶ 7} The parties stipulated that Domis's conduct violated Prof.Cond.R. 1.1 (requiring a lawyer to provide competent representation to a client), 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(c) (requiring a lawyer to inform the client if the lawyer does not maintain professional-liability insurance), 1.16(c) (prohibiting a lawyer from withdrawing from representation in a proceeding without leave of court if the rules of the tribunal so require), 1.16(d) (requiring a lawyer withdrawing from representation to take steps reasonably practicable to protect a client's interest), 3.4(c) (prohibiting a lawyer from knowingly disobeying an obligation under the rules of a tribunal), and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice). The parties stipulated to the dismissal of one additional alleged violation.

{¶ 8} The parties stipulated that just two aggravating factors are present— that Domis had prior discipline in the form of an administrative "suspension" that purportedly arose from the $50 late-registration fee assessed by the Office of

Attorney Services for the 2017/2019 biennium[1] and that he committed multiple offenses. *See* Gov.Bar R. V(13)(B)(1) and (4).

{¶ 9} Stipulated mitigating factors include the absence of a dishonest or selfish motive, Domis's full and free disclosure to the board and cooperative attitude toward the disciplinary proceedings, his acknowledgement of the wrongful nature of his misconduct, and the absence of any harm to his client. *See* Gov.Bar R. V(13)(C)(2) and (4). As the board additionally noted in its summary of the aggravating and mitigating factors, Domis's misconduct involved only one client and occurred over a brief period of time.

{¶ 10} The board recommends that we adopt the parties' consent-to-discipline agreement and publicly reprimand Domis. The panel and the board considered a number of cases in which we have sanctioned attorneys for similar rule violations. *See, e.g., Disciplinary Counsel v. Mickens*, 151 Ohio St.3d 302, 2016-Ohio-8022, 88 N.E.3d 920; *Lorain Cty. Bar Assn. v. Nelson*, 144 Ohio St.3d 414, 2015-Ohio-4337, 44 N.E.3d 268; and *Lorain Cty. Bar Assn. v. Godles*, 128 Ohio St.3d 279, 2010-Ohio-6274, 943 N.E.2d 988. We find *Nelson* and *Godles* to be most instructive.

{¶ 11} We publicly reprimanded Nelson for neglecting a client's case, failing to communicate with the client, failing to properly notify the client that he lacked malpractice insurance, and failing to cooperate in the ensuing disciplinary investigation. We also publicly reprimanded Godles for failing to communicate with a client and failing to advise the client that he lacked malpractice insurance. Neither Nelson nor Godles had prior discipline. In contrast, Domis stipulated that an administrative late fee that did not result in his suspension from the practice of law, *see* Gov.Bar R. V(10)(A) and (B), nonetheless qualified as prior discipline that

---

1. Contrary to the parties' stipulation, Domis was not suspended from the practice of law for failure to timely comply with attorney-registration requirements. For purposes of this consent-to-discipline agreement, however, we accept the parties' stipulation that Domis's late registration is an aggravating factor.

warranted some aggravating effect. But the clients of both Nelson and Godles suffered harm and Domis did not cause any harm to his client.

{¶ 12} Upon our review of the record, we agree that Domis's conduct violated Prof.Cond.R. 1.1, 1.3, 1.4(c), 1.16(c), 1.16(d), 3.4(c), and 8.4(d) and that a public reprimand is the appropriate sanction for that misconduct. We therefore adopt the parties' consent-to-discipline agreement.

{¶ 13} Accordingly, Christian Brian Domis is hereby publicly reprimanded. Costs are taxed to Domis.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Scott J. Drexel, Disciplinary Counsel, for relator.

Christian Brian Domis, pro se.

_____