[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Cincinnati Bar Assn. v. Flessa,* Slip Opinion No. 2019-Ohio-1722.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-1722

CINCINNATI BAR ASSOCIATION *v.* FLESSA.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Cincinnati Bar Assn. v. Flessa,* Slip Opinion No. 2019-Ohio-1722.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct—Public reprimand.*

(No. 2018-1756—Submitted January 30, 2019—Decided May 9, 2019.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2018-022.

_____

**Per Curiam.**

{¶ 1} Respondent, John Hamilton Flessa, of Cincinnati, Ohio, Attorney Registration No. 0010079, was admitted to the practice of law in Ohio in 1982.

{¶ 2} In a formal complaint certified to the Board of Professional Conduct on May 11, 2018, relator, Cincinnati Bar Association, charged Flessa with several ethical violations relating to his representation of a single client. The parties

submitted stipulations concerning the underlying facts, the rule violations, the mitigating factors, and the exhibits for consideration. The parties also stipulated to a proposed sanction of a public reprimand. A three-member panel of the board conducted a hearing and heard the testimony of Flessa and his former client.

{¶ 3} Based on the stipulations, testimony, and exhibits, the panel made findings of fact and conclusions of law and recommended that Flessa be publicly reprimanded. The board adopted the panel's findings and conclusions. We agree with those findings and agree that a public reprimand is the appropriate sanction for Flessa's misconduct.

**Misconduct**

{¶ 4} In April 2016, the client, the mother of three children who was then living apart from her husband, consulted with Flessa concerning issues of child support and termination of her marriage through dissolution or divorce. On April 19, 2016, at a meeting at Flessa's office, the client retained Flessa to represent her in connection with the termination of her marriage. After withdrawing money from two ATMs, she paid Flessa $400 on that day and paid an additional $600 the following day.

{¶ 5} Subsequently, the client met with Flessa at his office on July 7 and September 23, 2016, to discuss the case. On July 14, she tendered an additional $1,000, and on September 23, another $1,500. Flessa told her that the $3,500 she had paid would cover the entire dissolution or divorce.

{¶ 6} On December 14, 2016, the client dropped off her husband's financial records and other paperwork at Flessa's office and Flessa told her he anticipated being ready to file the case shortly after the first of the year. Again, in February 2017, the client came to Flessa's office to find out about the status of her case.

{¶ 7} As of April 2017, Flessa had not prepared the documents to be filed for dissolution or divorce even though he had been in possession of the necessary information since December 14, 2016. By letter dated April 24, 2017, the client

terminated Flessa as her attorney. She requested the return of her file, an itemized bill, and the return of any unearned legal fees.

{¶ 8} On May 15, 2017, Flessa returned the file to the client but did not include an itemized bill or a refund of unearned fees. Finally, on March 29, 2018, Flessa refunded $3,500 to the client.

{¶ 9} Based on these facts, the board found violations of Prof.Cond.R. 1.3 (requiring that a lawyer act with reasonable diligence and promptness in representing a client) and 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with a client's reasonable requests for information).

{¶ 10} The parties also stipulated to a violation of Prof.Cond.R. 1.5(b) (requiring a lawyer to communicate to the client the nature and scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible). But the panel unanimously concluded that the record supported Flessa's testimony, citing a contemporaneous notation showing that the fee was explained at his first meeting with the client, and on that basis, the panel dismissed that charge for a lack of clear and convincing evidence. *See Disciplinary Counsel v. Maciak*, 153 Ohio St.3d 185, 2018-Ohio-544, 102 N.E.3d 485, ¶ 20 ("a unanimous dismissal by the panel precludes further review of the dismissal by either the board or this court").

{¶ 11} The board sustained the stipulated dismissal of alleged violations of Prof.Cond.R. 1.4(a)(2) and 1.4(b), which require reasonable consultation with, and explanation of the matter to, the client; the board found that the record demonstrated Flessa's compliance with those provisions. Additionally, concluding that the record contained no evidence showing that $3,500 was an excessive fee, the board found that Flessa did not violate Prof.Cond.R. 1.5(a) (prohibiting a lawyer from charging a clearly excessive fee).

## Mitigation

**{¶ 12}** The board and the panel noted several mitigating factors: (1) the absence of a prior disciplinary record, (2) Flessa's having made full restitution of the fees, (3) his cooperative attitude throughout the proceedings, (4) the absence of a dishonest or selfish motive, (5) his full and free disclosure to the board, (6) evidence of his good character and reputation, and (7) his acknowledgment of the wrongful nature of his conduct and his expression of remorse. *See* Gov.Bar R. V(13)(C)(1) through (5). The board found no aggravating factors. *See* Gov.Bar R. V(13)(B). Additionally, the board noted that although the client had engaged new counsel after terminating Flessa, she then decided on her own to postpone the action to terminate the marriage.

## Sanction

**{¶ 13}** The board adopted the stipulated sanction of a public reprimand, citing several cases in which we publicly reprimanded lawyers who engaged in isolated instances of the neglect of client matters. *See, e.g.*, *Lorain Cty. Bar Assn. v. Nelson*, 144 Ohio St.3d 414, 2015-Ohio-4337, 44 N.E.3d 268; *Disciplinary Counsel v. Mickens*, 151 Ohio St.3d 302, 2016-Ohio-8022, 88 N.E.3d 920.

**{¶ 14}** Having considered Flessa's misconduct and the mitigating factors, we agree that a public reprimand is the proper sanction for his violations. Accordingly, John Hamilton Flessa is publicly reprimanded for the conduct described above. Costs are taxed to Flessa.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DONNELLY, and STEWART, JJ., concur.

DEWINE, J., not participating.

_____

Edwin W. Patterson III, Bar Counsel; American Modern Insurance Group, Inc., and Nancy J. Gill; and Essig and Evans, L.L.P., and Ross M. Evans, for relator.

Montgomery, Rennie & Jonson, L.P.A., and George D. Jonson, for respondent.

_____