**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Goldberger,* **Slip Opinion No. 2019-Ohio-4844.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-4844

DISCIPLINARY COUNSEL *v.* GOLDBERGER.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Goldberger,* Slip Opinion No. 2019-Ohio-4844.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct—Public reprimand.*

(No. 2019-1077—Submitted September 11, 2019—Decided November 27, 2019.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2019-019.

_____

**Per Curiam.**

{¶ 1} Respondent, Robert Goldberger, of Mansfield, Ohio, Attorney Registration No. 0022372, was admitted to the practice of law in Ohio in 1976.

{¶ 2} In a formal complaint certified to the Board of Professional Conduct on April 11, 2019, relator, disciplinary counsel, charged Goldberger with five ethical violations relating to his representation of a single client. A panel of the

board considered the cause on the parties' consent-to-discipline agreement. *See* Gov.Bar R. V(16).

{¶ 3} In their consent agreement, the parties stipulated that in November 2016, Goldberger agreed to represent Pamela Imhoff in a dispute with her lender regarding her mortgage escrow account. Goldberger did not communicate to Imhoff the nature and scope of his representation or the basis or rate of his fee. And although he told her to stop paying her mortgage, he did not advise her regarding the potential consequences of that course of action. In February 2017, Goldberger advised Imhoff that he was still reviewing the documents that she had provided him.

{¶ 4} After several months passed without communication from Goldberger, Imhoff stopped by his office on multiple occasions but found no one there—and Goldberger did not return her telephone calls. He did send Imhoff a letter requesting additional information in September 2017 and another in October (that she never received) questioning whether retaining her house was "worth the effort," but he never attempted to communicate with her lender. In November 2017, Imhoff paid Goldberger $300 to file an action on her behalf, but a few months later, he revealed that he had not filed the case. Imhoff then demanded that Goldberger refund the $300, and he complied.

{¶ 5} On May 1, 2018, Imhoff's lender filed a foreclosure action against her. Although she was able to resolve the case, she incurred an additional $7,600 in fees, costs, and interest as a result of Goldberger's advice and neglect.

{¶ 6} The parties stipulated that Goldberger's conduct violated Prof.Cond.R. 1.1 (requiring a lawyer to provide competent representation to a client), 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a) (requiring a lawyer to reasonably communicate with a client), 1.4(b) (requiring a lawyer to explain a matter to the extent reasonably necessary to permit a client to make informed decisions regarding the representation), and 1.5(b)

(requiring a lawyer to communicate the nature and scope of the representation as well as the basis or rate of the fee and expenses within a reasonable time after commencing the representation).

{¶ 7} The parties stipulated that the only aggravating factor present is that Goldberger committed multiple offenses. *See* Gov.Bar R. V(13)(B)(4). Stipulated mitigating factors include the absence of prior discipline, the absence of a dishonest or selfish motive, Goldberger's timely, good-faith payment of $7,600 in restitution to Imhoff, his full disclosure and cooperative attitude toward the disciplinary proceedings, and his good character and reputation. *See* Gov.Bar R. V(13)(C)(1) through (5). Based on Goldberger's stipulated misconduct and the aggravating and mitigating factors, the parties have agreed that the appropriate sanction is a public reprimand.

{¶ 8} The board found that the consent-to-discipline agreement conforms to Gov.Bar R. V(16) and recommends that we adopt the agreement in its entirety. In support of that recommendation, the board cited two cases in which this court has publicly reprimanded attorneys in similar circumstances. *See, e.g.*, *Cincinnati Bar Assn. v. Flessa*, 156 Ohio St.3d 556, 2019-Ohio-1722, 130 N.E.3d 265 (publicly reprimanding an attorney who accepted a retainer but failed to provide the contracted legal services and failed to reasonably communicate with his client); *Akron Bar Assn. v. Harsey*, 142 Ohio St.3d 97, 2015-Ohio-965, 28 N.E.3d 86 (publicly reprimanding an attorney who neglected one client's criminal appeal and failed to reasonably communicate with the client, failed to adequately explain his fee to another client, and failed to deposit client funds into his client trust account); *see also Disciplinary Counsel v. Domis*, 156 Ohio St.3d 360, 2019-Ohio-955, 126 N.E.3d 1129 (publicly reprimanding an attorney who moved out of state without notifying the court or prosecutor of his intention to withdraw from the case before failing to appear at a scheduled status conference).

{¶ 9} Upon our review of the record, we agree that Goldberger's conduct violated Prof.Cond.R. 1.1, 1.3, 1.4(a), 1.4(b), and 1.5(b) and that a public reprimand is the appropriate sanction for that misconduct. We therefore adopt the parties' consent-to-discipline agreement.

{¶ 10} Accordingly, Robert Goldberger is hereby publicly reprimanded. Costs are taxed to Goldberger.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Joseph M. Caligiuri, Disciplinary Counsel, and Jennifer A. Bondurant, Assistant Disciplinary Counsel, for relator.

Lane, Alton and Horst, L.L.P., and Rick E. Marsh, for respondent.

_____